This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

## Michelle Danis v. Ferris Street Partners, LLC d/b/a 32 Union Apartments, 32 Union, LLC, 32 Union TWG, LLCet al

| Case Number | 29D03-2112-CT-009367 |
|---|---|
| Court | Hamilton Superior Court 3 |
| Type | CT - Civil Tort |
| Filed | 12/28/2021 |
| Status | 12/28/2021 , Pending  (active) |

## Parties to the Case

Defendant   Ferris Street Partners, LLC d/b/a 32 Union Apartments

<u>Attorney</u>
James Milstone
*#1046002, Retained*

550 Congressional BLVD
STE 310
Carmel, IN 46032
317-818-1360(W)

Defendant   32 Union, LLC

<u>Attorney</u>
Janelle Paige Kilies
*#3070849, Lead, Retained*

1411 Roosevelt AVE
STE 102
Indianapolis, IN 46201
317-237-0500(W)

<u>Attorney</u>
Janelle Paige Kilies
*#3070849, Retained*

1411 Roosevelt AVE
STE 102
Indianapolis, IN 46201
317-237-0500(W)

<u>Attorney</u>
Anthony Jerome Simonton
*#3564729, Retained*

Lewis Wagner LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
317-644-5564(W)

<u>Attorney</u>
Anthony Jerome Simonton
*#3564729, Retained*

Lewis Wagner LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
317-644-5564(W)

---

Defendant   32 Union TWG, LLC

<u>Attorney</u>
Janelle Paige Kilies
*#3070849, Lead, Retained*

1411 Roosevelt AVE
STE 102
Indianapolis, IN 46201
317-237-0500(W)

<u>Attorney</u>
Anthony Jerome Simonton
*#3564729, Retained*

Lewis Wagner LLP
1411 Roosevelt Avenue
Suite 102
Indianapolis, IN 46201
317-644-5564(W)

---

Defendant   TWG Development, LLC

<u>Attorney</u>
Lori Ann Coates
*#2592749, Retained*

DUFFIN, HASH & COATES, LLP
4640 W 71st St
Indianapolis, IN 46268
317-580-9348(W)

---

Defendant   TWG Management NC, LLC

<u>Attorney</u>
Lori Ann Coates
*#2592749, Retained*

DUFFIN, HASH & COATES, LLP
4640 W 71st St
Indianapolis, IN 46268
317-580-9348(W)

---

Defendant   TWG Management, Inc.

<u>Attorney</u>
Lori Ann Coates
*#2592749, Retained*

DUFFIN, HASH & COATES, LLP
4640 W 71st St
Indianapolis, IN 46268
317-580-9348(W)

---

Defendant   TWG Management, LLC

Summary Case

**Attorney**
Lori Ann Coates
*#2592749, Retained*

DUFFIN, HASH & COATES, LLP
4640 W 71st St
Indianapolis, IN 46268
317-580-9348(W)

---

Defendant  Brookside Properties, Inc.

**Attorney**
Jennifer J McCoy
*#2724549, Lead, Retained*

The Law Office of Jennifer McCoy PC
707 Main St. #126
Nashville, TN 37206
615-500-8577(W)

**Attorney**
James Milstone
*#1046002, Retained*

550 Congressional BLVD
STE 310
Carmel, IN 46032
317-818-1360(W)

---

Defendant  O'Connor, Joslyn

**Attorney**
James Milstone
*#1046002, Lead, Retained*

550 Congressional BLVD
STE 310
Carmel, IN 46032
317-818-1360(W)

**Attorney**
James Milstone
*#1046002, Retained*

550 Congressional BLVD
STE 310
Carmel, IN 46032
317-818-1360(W)

---

Defendant  Mason, Jeannie

<u>Attorney</u>
James Milstone
*#1046002, Lead, Retained*

550 Congressional BLVD
STE 310
Carmel, IN 46032
317-818-1360(W)

<u>Attorney</u>
James Milstone
*#1046002, Retained*

550 Congressional BLVD
STE 310
Carmel, IN 46032
317-818-1360(W)

---

Defendant   Oden, Hanna

<u>Attorney</u>
Lori Ann Coates
*#2592749, Lead, Retained*

DUFFIN, HASH & COATES, LLP
4640 W 71st St
Indianapolis, IN 46268
317-580-9348(W)

<u>Attorney</u>
Jennifer J McCoy
*#2724549, Retained*

The Law Office of Jennifer McCoy PC
707 Main St. #126
Nashville, TN 37206
615-500-8577(W)

<u>Attorney</u>
James Milstone
*#1046002, Retained*

550 Congressional BLVD
STE 310
Carmel, IN 46032
317-818-1360(W)

---

Plaintiff      Danis, Michelle

<u>Attorney</u>
Katherine Anne Piscione
*#3716649, Lead, Retained*

156 E. Market St.
5th Floor
Indianapolis, IN 46204
(317) 296-5294(W)

<u>Attorney</u>
Benjamin Albert Spandau
*#3420749, Retained*

Waldron Tate Bowen Funk Spandau LLC
156 E. Market Street, Suite 500
Indianapolis, IN 46204
317-296-5294(W)

## Chronological Case Summary

| | |
|---|---|
| 12/28/2021 | **Case Opened as a New Filing** |

| 12/29/2021 | **Appearance Filed** |
|---|---|
| | Appearance |
| | For Party:      Danis, Michelle |
| | File Stamp:      12/28/2021 |

| 12/29/2021 | **Complaint/Equivalent Pleading Filed** |
|---|---|
| | Complaint |
| | Filed By:      Danis, Michelle |
| | File Stamp:      12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** |
|---|---|
| | Summons - Ferris Street |
| | Filed By:      Danis, Michelle |
| | File Stamp:      12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** |
|---|---|
| | Summons - 32 Union, LLC |
| | Filed By:      Danis, Michelle |
| | File Stamp:      12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** |
|---|---|
| | Summons - 32 Union TWG, LLC |
| | Filed By:      Danis, Michelle |
| | File Stamp:      12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** |
|---|---|
| | Summons - TWG Development, LLC |
| | Filed By:      Danis, Michelle |
| | File Stamp:      12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - TWG Management NC, LLC | |
| | Filed By: | Danis, Michelle |
| | File Stamp: | 12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - TWG Management, Inc. | |
| | Filed By: | Danis, Michelle |
| | File Stamp: | 12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - TWG Management, LLC | |
| | Filed By: | Danis, Michelle |
| | File Stamp: | 12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - Brookside Properties, Inc. | |
| | Filed By: | Danis, Michelle |
| | File Stamp: | 12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - Joslyn O'Connor | |
| | Filed By: | Danis, Michelle |
| | File Stamp: | 12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - Jeannie Mason | |
| | Filed By: | Danis, Michelle |
| | File Stamp: | 12/28/2021 |

| 12/29/2021 | **Subpoena/Summons Filed** | |
|---|---|---|
| | Summons - Hanna Oden | |
| | Filed By: | Danis, Michelle |
| | File Stamp: | 12/28/2021 |

| 12/29/2021 | **Certificate of Issuance of Summons** | |
|---|---|---|
| | Certificate of Issuance of Summons, dc | |
| | Filed By: | Danis, Michelle |
| | File Stamp: | 12/29/2021 |

| 01/11/2022 | **Appearance Filed** | |
|---|---|---|
| | Appearance of Lori Coates, dc | |
| | For Party: | TWG Development, LLC |
| | For Party: | TWG Management NC, LLC |
| | For Party: | TWG Management, Inc. |
| | For Party: | TWG Management, LLC |
| | File Stamp: | 01/11/2022 |

| 01/11/2022 | **Jury Trial Demand Filed** | |
|---|---|---|
| | Defendants' Jury Demand, dc | |
| | Filed By: | TWG Development, LLC |
| | Filed By: | TWG Management NC, LLC |
| | Filed By: | TWG Management, Inc. |
| | Filed By: | TWG Management, LLC |
| | File Stamp: | 01/11/2022 |

| 01/11/2022 | **Motion for Enlargement of Time Filed** | |
|---|---|---|
| | Defendants' Motion for Enlargement of Time, order sub, dc | |
| | Filed By: | TWG Development, LLC |
| | Filed By: | TWG Management NC, LLC |
| | Filed By: | TWG Management, Inc. |
| | Filed By: | TWG Management, LLC |
| | File Stamp: | 01/11/2022 |

| 01/18/2022 | **Appearance Filed** | |
|---|---|---|
| | Appearance, dc | |
| | For Party: | Ferris Street Partners, LLC d/b/a 32 Union Apartments |
| | File Stamp: | 01/18/2022 |

| 01/18/2022 | **Motion for Enlargement of Time Filed** | |
|---|---|---|
| | Motion for EOT answer, order sub, dc | |
| | Filed By: | Ferris Street Partners, LLC d/b/a 32 Union Apartments |
| | File Stamp: | 01/18/2022 |

| 01/19/2022 | **Order Granting Motion for Enlargement of Time** | |
|---|---|---|
| | The Defendants have to and including February 26, 2022 in which to file their response | |
| | Judicial Officer: | Bloch, Andrew Ryzard - MAG |
| | Noticed: | Ferris Street Partners, LLC d/b/a 32 Union Apartments |
| | Noticed: | 32 Union, LLC |
| | Noticed: | 32 Union TWG, LLC |
| | Noticed: | TWG Development, LLC |
| | Noticed: | Brookside Properties, Inc. |
| | Noticed: | O'Connor, Joslyn |
| | Noticed: | Mason, Jeannie |
| | Noticed: | Oden, Hanna |
| | Noticed: | Piscione, Katherine Anne |
| | Noticed: | Spandau, Benjamin Albert |
| | Noticed: | Coates, Lori Ann |
| | Noticed: | Milstone, James |
| | Order Signed: | 01/19/2022 |

| 01/20/2022 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting Motion for Enlargement of Time ---- 1/19/2022 : Benjamin Albert Spandau;James Milstone;Katherine Anne Piscione;Lori Ann Coates |

| 01/26/2022 | **Order Granting Motion for Enlargement of Time** |
|---|---|
| | Def. TWG shall have up to and including February 26, 2022 in which to respond. |

| | Judicial Officer: | Bloch, Andrew Ryzard - MAG |
|---|---|---|
| | Movant: | Coates, Lori Ann |
| | Order Signed: | 01/19/2022 |

| 02/22/2022 | **Motion for Enlargement of Time Filed** |
|---|---|
| | Motion for EOT, order sub, dc |

| | Filed By: | Ferris Street Partners, LLC d/b/a 32 Union Apartments |
|---|---|---|
| | File Stamp: | 02/22/2022 |

| 02/28/2022 | **Order Granting Motion for Enlargement of Time** |
|---|---|

| | Judicial Officer: | Bloch, Andrew Ryzard - MAG |
|---|---|---|
| | Noticed: | 32 Union, LLC |
| | Noticed: | 32 Union TWG, LLC |
| | Noticed: | Brookside Properties, Inc. |
| | Noticed: | O'Connor, Joslyn |
| | Noticed: | Mason, Jeannie |
| | Noticed: | Oden, Hanna |
| | Noticed: | Piscione, Katherine Anne |
| | Noticed: | Spandau, Benjamin Albert |
| | Noticed: | Coates, Lori Ann |
| | Noticed: | Milstone, James |
| | Order Signed: | 02/27/2022 |

| 03/01/2022 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting Motion for Enlargement of Time ---- 2/28/2022 : Benjamin Albert Spandau;James Milstone;Katherine Anne Piscione;Lori Ann Coates |

| 03/01/2022 | **Answer Filed** |
|---|---|
| | Answer and Affirmative Defenses, dc |

| | Filed By: | TWG Development, LLC |
|---|---|---|
| | Filed By: | TWG Management NC, LLC |
| | Filed By: | TWG Management, Inc. |
| | Filed By: | TWG Management, LLC |
| | File Stamp: | 02/28/2022 |

| 03/01/2022 | **Appearance Filed** |
|---|---|
| | Appearance for 32 Union LLC filed. cag |

| | For Party: | 32 Union, LLC |
|---|---|---|
| | File Stamp: | 02/28/2022 |

| 03/01/2022 | **Motion for Enlargement of Time Filed** |
|---|---|
| | Defendant 32 Union's Unopposed Motion for Enlargement of Time filed, proposed order submitted. cag |

| | Filed By: | 32 Union, LLC |
|---|---|---|
| | File Stamp: | 02/28/2022 |

| 03/03/2022 | **Appearance Filed** |
|---|---|
| | Appearance for 32 Union TWG, dc |

| | For Party: | 32 Union TWG, LLC |
|---|---|---|
| | File Stamp: | 03/02/2022 |

| 03/03/2022 | **Motion for Enlargement of Time Filed** |
|---|---|
| | 32 Union TWG's Unopposed Motion for Extension of Time, order sub, dc |
| | Filed By: |  | 32 Union TWG, LLC |
| | File Stamp: | 03/02/2022 |

| 03/07/2022 | **Answer to a Complaint Filed** |
|---|---|
| | Answer to Complaint, dc |
| | Filed By: | Ferris Street Partners, LLC d/b/a 32 Union Apartments |
| | File Stamp: | 03/07/2022 |

| 03/08/2022 | **Appearance Filed** |
|---|---|
| | Appearance of Lori A. Coates, dc |
| | For Party: | Oden, Hanna |
| | File Stamp: | 03/08/2022 |

| 03/08/2022 | **Appearance Filed** |
|---|---|
| | Appearance filed. cag |
| | For Party: | Brookside Properties, Inc. |
| | File Stamp: | 03/08/2022 |

| 03/08/2022 | **Answer Filed** |
|---|---|
| | Answer filed. cag |
| | Filed By: | Brookside Properties, Inc. |
| | File Stamp: | 03/08/2022 |

| 03/09/2022 | **Order Granting Motion for Enlargement of Time** |
|---|---|
| | Defendant, 32 Union, LLC, is granted a period of time up to and including March 27, 2022, to answer or otherwise respond to Plaintiff's Complaint. |
| | Judicial Officer: | Bloch, Andrew Ryzard - MAG |
| | Noticed: | O'Connor, Joslyn |
| | Noticed: | Mason, Jeannie |
| | Noticed: | Piscione, Katherine Anne |
| | Noticed: | Spandau, Benjamin Albert |
| | Noticed: | Coates, Lori Ann |
| | Noticed: | Milstone, James |
| | Noticed: | Kilies, Janelle Paige |
| | Noticed: | Simonton, Anthony Jerome |
| | Noticed: | McCoy, Jennifer J |
| | Order Signed: | 03/09/2022 |

| 03/09/2022 | **Order Granting Motion for Enlargement of Time** |
|---|---|
| | Judicial Officer: | Bloch, Andrew Ryzard - MAG |
| | Noticed: | Piscione, Katherine Anne |
| | Noticed: | Spandau, Benjamin Albert |
| | Noticed: | Coates, Lori Ann |
| | Noticed: | Milstone, James |
| | Noticed: | Kilies, Janelle Paige |
| | Noticed: | Simonton, Anthony Jerome |
| | Noticed: | McCoy, Jennifer J |
| | Order Signed: | 03/09/2022 |

| 03/10/2022 | **Automated ENotice Issued to Parties** |
|---|---|

Order Granting Motion for Enlargement of Time ---- 3/9/2022 : Anthony Jerome Simonton;Benjamin Albert Spandau;Jennifer J McCoy;James Milstone;Janelle Paige Kilies;Katherine Anne Piscione;Lori Ann Coates Order Granting Motion for Enlargement of Time ---- 3/9/2022 : Anthony Jerome Simonton;Benjamin Albert Spandau;Jennifer J McCoy;James Milstone;Janelle Paige Kilies;Katherine Anne Piscione;Lori Ann Coates

| 03/14/2022 | **Answer Filed** |
|---|---|

Answer to Complaint filed. cag

| Filed By: | Brookside Properties, Inc. |
|---|---|
| File Stamp: | 03/11/2022 |

| 03/14/2022 | **Appearance Filed** |
|---|---|

Appearance filed. cag

| For Party: | Oden, Hanna |
|---|---|
| File Stamp: | 03/14/2022 |

| 03/14/2022 | **Answer to a Complaint Filed** |
|---|---|

Answer

| Filed By: | Oden, Hanna |
|---|---|
| File Stamp: | 03/14/2022 |

| 03/28/2022 | **Answer to a Complaint Filed** |
|---|---|

32 Union Defendants' Answer to Complaint, dc

| Filed By: | 32 Union, LLC |
|---|---|
| Filed By: | 32 Union TWG, LLC |
| File Stamp: | 03/28/2022 |

| 03/31/2022 | **Appearance Filed** |
|---|---|

Appearance filed. cag

| For Party: | Brookside Properties, Inc. |
|---|---|
| For Party: | O'Connor, Joslyn |
| For Party: | Mason, Jeannie |
| For Party: | Oden, Hanna |
| File Stamp: | 03/31/2022 |

## Financial Information

\* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

### Danis, Michelle

Plaintiff

**Balance Due** (as of 03/31/2022)

**0.00**

### Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

### Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 12/29/2021 | Transaction Assessment | 157.00 |

| Date | Description | Amount |
|------|-------------|--------|
| 12/29/2021 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only be obtained directly from the court maintaining a particular record.

STATE OF INDIANA )    IN THE HAMILTON COUNTY SUPERIOR COURT
   ) SS:
COUNTY OF HAMILTON )    CAUSE NO.

MICHELLE DANIS,    )
   )
   Plaintiff,    )
   )
v.    )
   )
FERRIS STREET PARTNERS, LLC d/b/a    )
  32 UNION APARTMENTS,    )
32 UNION, LLC,    )
32 UNION TWG, LLC,    )
TWG DEVELOPMENT LLC,    )
TWG MANAGEMENT NC, LLC,    )
TWG MANAGEMENT, INC.    )
TWG MANAGEMENT, LLC,    )
BROOKSIDE PROPERTIES, INC.,    )
JOSLYN O'CONNOR,    )
JEANNIE MASON, and    )
HANNA ODEN,    )
   )
   Defendants.    )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:    Initiating XX__    Responding ____    Intervening____

1.    The undersigned attorneys and all attorneys listed on this form now appear in this case for the following party members: Michelle Danis

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rule 3.1 and 77(B) is as follows:

Name:    Katherine A. Piscione    Attorney Number: 37166-49
Address:    WALDRON TATE BOWEN    Telephone: (317) 296-5294
   FUNK SPANDAU LLC    Facsimile: (317) 423-0772
   156 E. Market Street, 5th Floor
   Indianapolis, Indiana 46204
   katie@wtbfs-law.com

Name:    Benjamin A. Spandau        Attorney Number: 34207-49
Address:  WALDRON TATE BOWEN     Telephone: (317) 296-5294
          FUNK SPANDAU LLC         Facsimile: (317) 423-0772
          156 E. Market Street, 5th Floor
          Indianapolis, Indiana 46204
          ben@wtbfs-law.com

Each attorney specified on this appearance:

(a) certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3.      This is a **CT** case type as defined in administrative Rule 8(B)(3).

4.      I will accept service from other parties by:

FAX at the above noted number: Yes _____ No __X__
Email at the above noted number: Yes _____ No __X__

5.      This case involves child support issues:  Yes ____   No __X__ .

6.      This case involves a protection from abuse order, a workplace violence restraining order, or a no--contact order. Yes ____   No __X__ .

7.      This case involves a petition for involuntary commitment. Yes ____  No __X__ .

8.      There are related cases:  Yes ____    No __X__ .

9.      Additional information required by local rule:  N/A

10.     This form has been served on all other parties and Certificate of Service Attached. Yes _X_   No __ .

Respectfully Submitted,

WALDRON TATE BOWEN
FUNK SPANDAU LLC

/s/ Katherine A. Piscione
Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 28, 2021, I served via USPS first class mail the

following:

TWG Development, LLC
CT Corporation System-Registered Agent
334 North Senate Ave.
Indianapolis, IN 46204

TWG Management, Inc.
CT Corporation System-Registered Agent
334 North Senate Ave.
Indianapolis, IN 46204

32 Union, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

Brookside Properties, Inc.
2002 Richard Jones Road, #200
Nashville, TN 37215

32 Union TWG, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 46240

TWG Management, LLC
CT Corporation System-Registered Agent
334 North Senate Ave.
Indianapolis, IN 46204

Jeannie Mason
6426 Bayside Ct
Indianapolis, IN 46250

TWG Management NC, LLC
CT Corporation System-Registered Agent
334 North Senate Ave.
Indianapolis, IN 46204

Hanna Oden
17380 Fleming St., Apt. 204
Noblesville, IN 46060

Ferris Street Partners, LLC
d/b/a 32 Union Apartments
c/o National Registered Agents, Inc.
334 North Senate Ave.
Indianapolis, IN 46204

/s/ Katherine A. Piscione
Katherine A. Piscione, Atty. No. 37166-49

4

STATE OF INDIANA      )      IN THE HAMILTON COUNTY SUPERIOR COURT
                ) SS:
COUNTY OF HAMILTON   )     CAUSE NO.

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
|   32 UNION APARTMENTS, | ) |
| 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, | ) |
| TWG DEVELOPMENT LLC, | ) |
| TWG MANAGEMENT NC, LLC, | ) |
| TWG MANAGEMENT, INC. | ) |
| TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, | ) |
| JEANNIE MASON, and | ) |
| HANNA ODEN, | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

Plaintiff, Michelle Danis ("Ms. Danis"), by counsel, submits her Complaint for Damages, and in support thereof states:

### Jurisdiction and Venue

1. Jurisdiction is conferred on this Court by Ind. Code § 22-9.5-6-12.

2. Venue is proper in Hamilton County, as the events giving rise to this claim occurred in the City of Noblesville, County of Hamilton, in the State of Indiana.

### The Parties

3. At all times material hereto, Ms. Danis was a tenant at the apartment complex commonly known as 32 Union Apartments (the "Complex") when she resided at 17492 Friendly Street, Apartment Number 308, Noblesville, IN 46060 (the "Apartment").

1

4. Upon information and belief, Defendant Ferris Street Partners, LLC d/b/a 32 Union Apartments ("Ferris") is the current owner and Defendant Brookside Properties, Inc. ("Brookside") is the current operator of the Complex, which is a multi-unit apartment complex located at 17408 Ferris Street, Noblesville, IN 46060.

5. Upon information and belief, Defendant 32 Union, LLC is an Indiana voluntarily dissolved limited liability company that owned and operated the Complex during Ms. Danis' tenancy prior to selling the same to Ferris.

6. Upon information and belief, Defendants 32 Union TWG, LLC, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and/or TWG Management, LLC are Indiana limited liability companies that operated the Complex during Ms. Danis' tenancy prior to Defendant 32 Union, LLC's sale of the same to Ferris. Defendants 32 Union, LLC, 32 Union TWG, LLC, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC are hereinafter collectively referred to as "TWG".

7. Upon information and belief, Brookside is a Tennessee corporation that operated 32 Union Apartments during Ms. Danis' tenancy.

8. Upon information and belief, Defendant Joslyn O'Connor ("Joslyn") is/was an employee, agent, representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

9. Upon information and belief, Defendant Jeannie Mason ("Jeanie") is/was an employee, agent, representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

10. Upon information and belief, Defendant Hanna Oden ("Hanna") is/was an employee, agent, representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

Factual Allegations

11. In or around August 2019, Ms. Danis applied for tenancy with the Complex then owned and operated by TWG.

12. At this time, Ms. Danis verbally informed the Office Manager operating the Complex that she was disabled and had an Assistance Animal, a cat, and would be getting a service dog at a later date. Ms. Danis showed the Office Manager the letter from her medical provider that confirmed she was in need of a service animal.

13. Ms. Danis was verbally informed that TWG did not need to keep a record of her medical information and that she was approved for her accommodations and that she would not be charged a pet deposit or pet fees.

14. In or around August 2019, Ms. Danis also requested from TWG that, due to her disabilities, she be provided a specific private parking place in front of the entrance to her door, that the parking space she be provided had sufficient space for a walker or wheelchair, and that the curb be sloped in order to allow access into the building containing her Apartment.

15. At this time, Ms. Danis completed a lengthy packet with additional information regarding her disability that was delivered to TWG for approval.

16. In or around August 2019, Ms. Danis was told by TWG that she would be provided with a $500 gift-card and $1000 off her first month's rent as a part of TWG's move-in special.

17. On or around August 23, 2019, Ms. Danis signed her lease for her Apartment within the Complex with TWG.

18. In or around August 2019, Ms. Danis' rent bill showed a $25 charge for a pet fee.

19. In the Fall of 2019, Ms. Danis approached Hanna and informed her that she should not have the pet fee charge as it had been waived due to her disability. Hanna instructed Ms. Danis to pay the pet fee and that once the correction was made in TWG's system, her account would be credited the charges. At this time, Hanna informed Ms. Danis that an individual from TWG's corporate office would contact Ms. Danis regarding her accommodation request.

20. In or around late Fall 2019, Ms. Danis was contacted by Hanna and instructed to complete an additional accommodation request packet with additional information regarding her disabilities. Ms. Danis completed the packet a second time and returned it to TWG's corporate office.

21. In or around December 2019, the hallway ceiling in Ms. Danis' Apartment began flooding. Ms. Danis contacted TWG's maintenance department for the Complex, who inspected the ceiling and was unable to determine the cause of the flooding. After completing the inspection, maintenance never returned to repair the ceiling.

22. Due to the failure to repair the ceiling after the flood damage, mold began growing on the ceiling of Ms. Danis' Apartment.

23. In or around January 2020, Ms. Danis again contacted TWG's maintenance department to inspect the dryer in her Apartment. Ms. Danis was instructed by TWG to use the dryer in the apartment next to hers until her dryer could be fixed.

24. Several days later, TWG's maintenance department replaced the dryer in Ms. Danis' Apartment with the dryer from the next-door apartment. However, the new dryer shortly stopped working.

25. As a result of the inoperable dryer, Ms. Danis was forced to use a nearby laundromat to complete her laundry beginning in January 2020.

26. Ownership of the Complex was transferred from TWG to Ferris on or about March 31, 2020.

27. Upon information and belief, TWG also transferred control and operations of the Complex to Ferris and Brookside on or about March 31, 2020.

28. Upon information and belief, on or about March 31, 2020, Hanna, Joslyn, and Jeannie became employees of Ferris and/or Brookside.

29. In or around Spring 2020, Ms. Danis contacted her own contractor to determine the cause of her inoperable dryer. The contractor informed Ms. Danis, Ferris and Brookside that the reason for the inoperable dryer was that no vent system was ever installed for the dryer to vent outside.

30. In or around July 2020, Ms. Danis contacted Hanna to ask about when Ferris and/or Brookside would fix her dryer that had been inoperable for almost a year. Hanna responded angrily to Ms. Danis' request and began shouting that the inoperable dryer was Ms. Danis' fault and that no one was coming out to fix it.

31. Ms. Danis was charged pet fees from August 2019 through June 2020.

32. In or around July 2020, Ms. Danis was informed by Joslyn that Ms. Danis never should have been charged pet fees and that the fees could be deducted from her August rent as that would be easier than mailing a refund check.

33. On or around August 5, 2020, Ms. Danis paid her rent in full less the utility fees, as Joslyn wanted to investigate to make sure that Ms. Danis had been charged the correct amount due to the implementation of a new billing system.

34. At this same time, Joslyn also informed Ms. Danis that the ledger showed a balance due, but that she knew this was an error and not to worry. Joselyn instructed Ms. Danis that no additional rent was due at that time as her August rent had been paid in full.

35. On or around the end of August 2020, Ms. Danis went to see Joslyn in the leasing office of the Complex because the new lease she was supposed to sign would not open on the computer for her to sign. Joslyn fixed the problem and instructed Ms. Danis to sign the new lease by August 31, 2020 at midnight. At this same time, Ms. Danis was instructed to sign a new form attesting that she had a service animal.

36. On or around August 31, 2020, Ms. Danis signed her new lease for her Apartment online.

37. On or around September 5, 2020, Ms. Danis dropped off her rent in the leasing office.

38. On or around September 9, 2020, Ms. Danis went to the leasing office at the Complex to pick up a copy of her lease. While there, Joslyn and Hanna began angrily shouting at Ms. Danis that she owed Ferris and/or Brookside money and had not signed the new lease.

39. At this time, Joslyn logged into Ferris and/or Brookside's computer portal and discovered that while Ms. Danis had signed the lease, the leasing office had never accepted the signed copy of the lease.

40. On or around October 5, 2020, Ms. Danis dropped her rent check off at the leasing office of the Complex. Joslyn followed Ms. Danis out of the leasing office and to her car berating Ms. Danis alleging she owed Ferris and/or Brookside more money.

41. At this time, Ms. Danis got into her car with her grandchildren and locked the doors. Joslyn tried to forcibly enter the vehicle. Ms. Danis asked Joslyn to step away from her vehicle, but Joslyn continued to shout at Ms. Danis for approximately five (5) to eight (8) more minutes.

42. In or around October 2020, another flood occurred in Ms. Danis' Apartment that resulted in water pouring from the ceiling into Ms. Danis' Apartment. Ferris and/or Brookside's maintenance department came over to inspect the cause of the flood and cut a hole into the ceiling of the Apartment.

43. A few days later Ferris and/or Brookside's maintenance department came over to inspect the flood damage in the ceiling of the Apartment.

44. In order to assess the cause of the flooding, Ferris and/or Brookside's maintenance department needed access to the attic above Ms. Danis' Apartment. Ms. Danis called Hanna to determine where the attic access for the Apartment was located. Once again, Hanna began shouting at Ms. Danis and told her to just cut a hole in the ceiling to get to the attic.

45. Ferris and/or Brookside's maintenance department cut an inappropriately large hole in the ceiling in order to determine the cause of the flooding.

46. At this time, it was also discovered that TWG, Ferris, and/or Brookside never installed the vent system in the ceiling required for Ms. Danis' dryer to function despite the fire risk this posed.

47. Ms. Danis contacted the City of Noblesville Code Enforcement Office and the Fire Chief to inform them of the problem with the dryer vent in her Apartment. Officials came to Ms. Danis' Apartment to investigate, cited and provided a deadline for Ferris and Brookside to comply.

48. The reinspection of the attic was delayed until early 2021 due to COVID-19. When the inspection team eventually returned, they were unable to gain access to the attic of the

Apartment and took the word of the Ferris and/or Brookside's maintenance team that a vent system had been installed.

49. Upon information and belief, a vent system was not installed.

50. On or around November 5, 2020 and again December 5, 2020, Ms. Danis paid her rent in full.

51. In or around December 2020, a sheriff served Ms. Danis with eviction papers with the stated reason being non-payment of rent. The eviction papers stated that Ms. Danis owed thousands of dollars in unpaid rent.

52. At this time, Ms. Danis realized that her September rent check was posted five (5) days late despite her payment being made on time. Additionally, Ms. Danis realized that her October rent check had never been cashed, even though it had been remitted.

53. Throughout the period of August to December, Ms. Danis was charged thousands of dollars in late fees and her rent checks were applied only to late fees and not to the rent charges, resulting in more late fees.

54. After the eviction was filed, Ms. Danis' December rent payment was refunded.

55. On or around January 31, 2021, Ms. Danis' October rent check was cashed and applied to the late fees after several requests from Ms. Danis' counsel.

56. In or around Spring 2021, Ms. Danis applied for rental assistance with the U.S. Treasury Covid Renter's Assistance Program and was approved for the maximum benefit of $10,968.51. A check for that amount was sent to Ferris and/or Brookside.

57. The amount paid by the U.S. Treasury should have resulted in a zero balance for Ms. Danis for the month of June, however, Ferris and/or Brookside charged Ms. Danis $1,112.20.

58. Ms. Danis attempted to discuss the error with Jeannie in the leasing office, however she refused to look at the ledger and told Ms. Danis that she had never paid rent on time since she moved in and that she had refused to pay rent since 2020.

59. Several days later Ms. Danis returned to the leasing office and attempted to speak to Hanna about the errors on her account. However, Hanna refused to talk to Ms. Danis and instead told her she was poor, didn't have any money, and Ferris and/or Brookside would not be renewing her lease.

60. In or around July 2021, Ms. Danis paid her rent in full through the online portal.

61. Approximately one (1) week later, Ms. Danis received a notice on her door for failure to pay rent and notified Ms. Danis she must be out of her Apartment within seventy-two (72) hours.

62. In or around August 2021, Ms. Danis attempted to pay her rent through her online portal, however Ferris and/or Brookside barred Ms. Danis from making any payments online and removed Ms. Danis' files and records access including records of her payments, lease, and invoices.

63. Ms. Danis contacted Ferris and/or Brookside and was told that she had been evicted and that only payment in the amount of $3,200 would be accepted. Additionally, Ms. Danis was told that she must be out of her Apartment by August 23, 2021 at the latest and that at this time her locks would be changed, and she would be sent to collections.

64. On or around August 19, 2021, Ms. Danis received notice that she must be out of her Apartment by August 23, 2021 or the authorities would be contacted, and the locks would be changed.

65. On or around August 24, 2021, Jeannie forcibly entered Ms. Danis' apartment in order to deliver eviction papers. At that time, Ms. Danis was hit in the chest by the door and sustained injuries as a result.

66. During this exchange, Jeannie informed Ms. Danis that she was entering the apartment because it no longer belonged to Ms. Danis, that she had been evicted, and that she was dragging her out.

67. To date, Ms. Danis' accommodation requests were never completed or acknowledged. Ms. Danis was continuously charged improper pet fees totaling an amount of $275.00. Additionally, Ms. Danis has been charged $2,201.50 in illegal late fees.

68. Additionally, the damage to the ceiling has never been repaired resulting in mold growth and open holes in the ceiling of Ms. Danis' apartment for over a year.

69. Despite the eviction moratorium that was in place due to the COVID-19 pandemic and without any authority to do so, Ferris and/or Brookside attempted to physically and actually evict Ms. Danis on several occasions.

Count 1: Violation of 42 U.S.C. § 3604(f)(1)- Failure to Provide Reasonable Accommodation

70. Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

71. Ms. Danis requests to Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf constituted requests for reasonable accommodations under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B).

72. The accommodations requested were reasonable and would have been necessary to afford Ms. Danis equal opportunity to housing at 32 Union Apartments.

73. The accommodations proposed would not have imposed an undue financial or administrative burden on the Defendants and did not require a fundamental alteration in the nature of their programs.

74. Defendants, individually, and/or through the actions of their agents, have violated Ms. Danis' rights under 42 U.S.C. § 3604(f)(3)(B) by denying Ms. Danis' request for reasonable accommodations.

75. As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

<u>Count 2: Violation of 42 U.S.C. § 3617</u>

76. Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

77. The statements by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf violated 42 U.S.C. § 3617 because they were intended to coerce, intimidate, threaten, or interfere with Ms. Danis in the exercise of enjoyment of Ms. Danis' rights under the Fair Housing Act of 1968, as amended 42 U.S.C. § 3601 et seq.

78. The statements of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf were egregious, willful, and intentional. As such, Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf acted with actual malice and with the intent to cause damage and injury to Ms. Danis.

79. As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

<u>Count 3: Violation of Indiana Fair Housing Act</u>

80. Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

81. Ms. Danis is an individual in a protected class by way of her disability and handicap.

82. When Ms. Danis resided at the Complex, she was Defendants' tenant.

83. Ms. Danis made reasonable accommodation requests that were necessary to afford Ms. Danis full enjoyment of the premises.

84. By completing the accommodation request packet, it was established that Ms. Danis had a disability as defined by the Indiana Fair Housing Act and that Ms. Danis was making reasonable accommodation requests that would afford Ms. Danis to use and enjoy the property by alleviating symptoms of her disability.

85. Accordingly, Defendants were required by the Fair Housing Act to grant Ms. Danis' reasonable accommodation requests.

86. However, Defendants instead delayed and never granted Ms. Danis' reasonable accommodation requests.

87. The accommodations proposed would not have imposed undue financial or administrative burdens on the Defendants and did not require a fundamental alteration in the nature of their programs.

88. Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf have violated Ms. Danis' rights under I.C. § 22-9.5-5-5(c) by denying Ms. Danis' request for reasonable accommodation.

89. As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

<u>Count 4: Violation of the Americans with Disabilities Act</u>

90. Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

91. Ms. Danis is a qualified individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*

92. The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, failed to make reasonable accommodations for Ms. Danis.

93. The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, discriminated against Ms. Danis on the basis of her disability.

94. The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, acted to terminate Ms. Danis' residency at the Complex in violation of the Americans with Disabilities Act.

95. As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has

worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

<u>Count 5: Violation of the Rehabilitation Act of 1973</u>

96. Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

97. Ms. Danis is an otherwise qualified individual with a disability as defined by the Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq*.

98. The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, failed to make reasonable accommodations for Ms. Danis.

99. The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, discriminated against Ms. Danis on the basis of her disability.

100.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, acted to terminate Ms. Danis' residency at the Complex in violation of the Rehabilitation Act.

101.    As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

<u>Count 6: Intentional Infliction of Emotional Distress</u>

102.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

103.    The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, were extreme and outrageous.

104.     The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, intentionally or recklessly caused Ms. Danis to experience severe emotional distress.

105.     As such, Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, intentionally inflicted extreme emotional distress of Ms. Danis.

106.     As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

<u>Count 7: Negligence</u>

107.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

108.     Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, owed Ms. Danis a duty as a tenant of the Complex.

109.     The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, breached the duty that was owed to Ms. Danis.

110.     This breach of duty by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis.

111.     Ms. Danis suffered damages proximately caused by and/or resulting from the negligence and/or fault of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

112.     By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's negligence, the injuries to Ms. Danis include but are not limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein.

<u>Count 8: Battery</u>

113.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

114.     The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf intentionally caused a harmful or offensive contact with Ms. Danis.

115.     These actions by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis.

116.     Ms. Danis suffered damages proximately caused by and/or resulting from the actions of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

117.     By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's actions, the injuries to Ms. Danis include but are not limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein

<u>Count 9: Assault</u>

118.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

119.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf intentionally caused an imminent apprehension of a harmful or offensive contact with Ms. Danis.

120.    These actions by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis.

121.    Ms. Danis suffered damages proximately caused by and/or resulting from the actions of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

122.    By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's actions, the injuries to Ms. Danis include but are not limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein

<u>Prayer for Relief</u>

**WHEREFORE,** Plaintiff, Michelle Danis prays:

a.   The Court set this matter for a jury trial;

b.   That the Court declare Defendants' actions complained of herein to be in violation of the Indiana Fair Housing Act, I.C. § 22-9.5-5-1(a);

c.   That the Court award actual, compensatory, and punitive damages to Michelle Danis appropriate to her status as a person aggrieved by Defendants' actions and against Defendants as expressly provided by I.C. § 22-9.5-7-2(1) made applicable to this action by I.C. § 22-9.5-6-13(c);

17

d.  That the Court award reasonable attorney's fees and court costs to the Plaintiff and against Defendants as expressly provided by I.C. § 22-9.5-9-1 and I.C. § 22-9.5-7-2(2) and (3) as made applicable to this action by I.C. § 22-9.5-6-13(c);

e.   For all other appropriate relief as is warranted in this matter inclusive of the relief available under I.C. § 22-9.5-7-2 made applicable by I.C. § 22-9.5-6-13(c).

Respectfully submitted,

*/s/ Katherine A. Piscione*
Katherine A. Piscione, (#37166-49)
Benjamin A. Spandau, (#34207-49)
WALDRON TATE BOWEN
FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN 46204
P: 317-296-5294
F: 317-423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

**Jury Demand**

Plaintiff hereby demands trial by jury on all issues.

Respectfully submitted,

*/s/ Katherine A. Piscione*
Katherine A. Piscione, (#37166-49)
Benjamin A. Spandau, (#34207-49)

WALDRON TATE BOWEN
FUNK SPANDAU LLC

18

156 E. Market Street, 5th Floor
Indianapolis, IN 46204
P: 317-296-5294
F: 317-423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA     )       IN THE HAMILTON COUNTY SUPERIOR COURT
                  ) SS:
COUNTY OF HAMILTON  )       CAUSE NO.

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
|   32 UNION APARTMENTS, | ) |
| 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, | ) |
| TWG DEVELOPMENT LLC, | ) |
| TWG MANAGEMENT NC, LLC, | ) |
| TWG MANAGEMENT, INC., | ) |
| TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, | ) |
| JEANNIE MASON, and | ) |
| HANNAH ODEN, | ) |
| | ) |
|     Defendants. | ) |

## <u>SUMMONS</u>

**To the Defendant(s) named above:**    **Ferris Street Partners, LLC**
**d/b/a 32 Union Apartments**
**c/o National Registered Agents, Inc.**
**334 North Senate Ave.**
**Indianapolis, IN 46204**

    You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

    The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

    An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated:_____
12/29/2021

_____
Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA     )       IN THE HAMILTON COUNTY SUPERIOR COURT

                  ) SS:

COUNTY OF HAMILTON  )      CAUSE NO.

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
|   32 UNION APARTMENTS, | ) |
| 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, | ) |
| TWG DEVELOPMENT LLC, | ) |
| TWG MANAGEMENT NC, LLC, | ) |
| TWG MANAGEMENT, INC., | ) |
| TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, | ) |
| JEANNIE MASON, and | ) |
| HANNAH ODEN, | ) |
| | ) |
|     Defendants. | ) |

# <u>SUMMONS</u>

**To the Defendant(s) named above:**     **32 Union, LLC**
**CT Corporation System-Registered Agent**
**150 West Market Street, Suite 800**
**Indianapolis, IN 46204**

You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated: 12/29/2021

_____
Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
Waldron Tate Bowen Funk Spandau LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA          )          IN THE HAMILTON COUNTY SUPERIOR COURT
                          ) SS:
COUNTY OF HAMILTON   )          CAUSE NO.


MICHELLE DANIS,                              )
                                            )
    Plaintiff,                                )
                                            )
v.                                          )
                                            )
FERRIS STREET PARTNERS, LLC d/b/a           )
  32 UNION APARTMENTS,                      )
32 UNION, LLC,                              )
32 UNION TWG, LLC,                          )
TWG DEVELOPMENT LLC,                        )
TWG MANAGEMENT NC, LLC,                     )
TWG MANAGEMENT, INC.,                       )
TWG MANAGEMENT, LLC,                        )
BROOKSIDE PROPERTIES, INC.,                 )
JOSLYN O'CONNOR,                            )
JEANNIE MASON, and                          )
HANNAH ODEN,                                )
                                            )
    Defendants.                               )


# <u>SUMMONS</u>

**To the Defendant(s) named above:**          **32 Union TWG, LLC**
                                              **CT Corporation System-Registered Agent**
                                              **150 West Market Street, Suite 800**
                                              **Indianapolis, IN 46204**


    You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

    The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

    An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated: 12/29/2021

_____
Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA     )       IN THE HAMILTON COUNTY SUPERIOR COURT
                  ) SS:
COUNTY OF HAMILTON   )       CAUSE NO.

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
|   32 UNION APARTMENTS, | ) |
| 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, | ) |
| TWG DEVELOPMENT LLC, | ) |
| TWG MANAGEMENT NC, LLC, | ) |
| TWG MANAGEMENT, INC., | ) |
| TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, | ) |
| JEANNIE MASON, and | ) |
| HANNAH ODEN, | ) |
| | ) |
|     Defendants. | ) |

# <u>SUMMONS</u>

**To the Defendant(s) named above:**      **TWG Development, LLC**
                                              **CT Corporation System-Registered Agent**
                                              **334 North Senate Ave.**
                                              **Indianapolis, IN 46204**

     You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

     The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

     An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated:_____12/29/2021_____

_____

Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone: (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA       )       IN THE HAMILTON COUNTY SUPERIOR COURT
                            ) SS:
COUNTY OF HAMILTON    )       CAUSE NO.

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
|   32 UNION APARTMENTS, | ) |
| 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, | ) |
| TWG DEVELOPMENT LLC, | ) |
| TWG MANAGEMENT NC, LLC, | ) |
| TWG MANAGEMENT, INC., | ) |
| TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, | ) |
| JEANNIE MASON, and | ) |
| HANNAH ODEN, | ) |
| | ) |
|      Defendants. | ) |

## <u>SUMMONS</u>

**To the Defendant(s) named above:**      **TWG Management NC, LLC**
                                       **CT Corporation System-Registered Agent**
                                       **334 North Senate Ave.**
                                       **Indianapolis, IN 46204**

      You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

      The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

      An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

      If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated: 12/29/2021
_____                _____
                                        Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA           )           IN THE HAMILTON COUNTY SUPERIOR COURT
                           ) SS:
COUNTY OF HAMILTON   )           CAUSE NO.


MICHELLE DANIS,                                    )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )
                                                  )
FERRIS STREET PARTNERS, LLC d/b/a                 )
   32 UNION APARTMENTS,                           )
32 UNION, LLC,                                    )
32 UNION TWG, LLC,                                )
TWG DEVELOPMENT LLC,                              )
TWG MANAGEMENT NC, LLC,                           )
TWG MANAGEMENT, INC.,                             )
TWG MANAGEMENT, LLC,                              )
BROOKSIDE PROPERTIES, INC.,                       )
JOSLYN O'CONNOR,                                  )
JEANNIE MASON, and                                )
HANNAH ODEN,                                      )
                                                  )
        Defendants.                               )


# **SUMMONS**


**To the Defendant(s) named above:**          **TWG Management, Inc.**
                                             **CT Corporation System-Registered Agent**
                                             **334 North Senate Ave.**
                                             **Indianapolis, IN 46204**


        You are hereby notified that you have been sued by the persons named "Plaintiff" in the
Court stated above.

        The nature of the suit against you is stated in the Complaint which is attached to this
Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

        An answer or other appropriate response in writing to the Complaint must be filed either
by your or your attorney within twenty (20) days commencing the day after you receive this
Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by
default may be rendered against you for the relief demanded by Plaintiff.

        If you have a claim for relief against the Plaintiff arising from the same transaction or
occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated: 12/29/2021
_____

_____
Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA         )       IN THE HAMILTON COUNTY SUPERIOR COURT
                  ) SS:
COUNTY OF HAMILTON  )      CAUSE NO.

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, | ) |
| 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, | ) |
| TWG DEVELOPMENT LLC, | ) |
| TWG MANAGEMENT NC, LLC, | ) |
| TWG MANAGEMENT, INC., | ) |
| TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, | ) |
| JEANNIE MASON, and | ) |
| HANNAH ODEN, | ) |
| | ) |
| Defendants. | ) |

# <u>SUMMONS</u>

**To the Defendant(s) named above:**      **TWG Management, Inc.**
                                    **CT Corporation System-Registered Agent**
                                    **334 North Senate Ave.**
                                    **Indianapolis, IN 46204**

You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated:_12/29/2021_____        _____

Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA      )      IN THE HAMILTON COUNTY SUPERIOR COURT
                ) SS:
COUNTY OF HAMILTON   )      CAUSE NO.

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
|   32 UNION APARTMENTS, | ) |
| 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, | ) |
| TWG DEVELOPMENT LLC, | ) |
| TWG MANAGEMENT NC, LLC, | ) |
| TWG MANAGEMENT, INC., | ) |
| TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, | ) |
| JEANNIE MASON, and | ) |
| HANNAH ODEN, | ) |
| | ) |
|     Defendants. | ) |

## <u>SUMMONS</u>

**To the Defendant(s) named above:**      **TWG Management, LLC**
                                          **CT Corporation System-Registered Agent**
                                          **334 North Senate Ave.**
                                          **Indianapolis, IN 46204**

     You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

     The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

     An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

     If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

      Complaint and Appearance

Dated:_____  12/29/2021                _____

                                   Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

Case 1:22-cv-00642-TWP-MJD    29D03-2112-CT-009367 03/31/22    Page 52 of 232 PageID    Filed: 12/28/2021 4:19 PM
#: 58
Hamilton Superior Court 3

Clerk
Hamilton County, Indiana

STATE OF INDIANA     )       IN THE HAMILTON COUNTY SUPERIOR COURT
                     ) SS:
COUNTY OF HAMILTON    )       CAUSE NO.

MICHELLE DANIS,                    )
                                   )
       Plaintiff,                  )
                                     )
v.                                         )
                                        )
FERRIS STREET PARTNERS, LLC d/b/a     )
  32 UNION APARTMENTS,          )
32 UNION, LLC,                 )
32 UNION TWG, LLC,            )
TWG DEVELOPMENT LLC,         )
TWG MANAGEMENT NC, LLC,      )
TWG MANAGEMENT, INC.,         )
TWG MANAGEMENT, LLC,         )
BROOKSIDE PROPERTIES, INC.,      )
JOSLYN O'CONNOR,            )
JEANNIE MASON, and           )
HANNAH ODEN,                )
                                        )
       Defendants.             )

# <u>SUMMONS</u>

**To the Defendant(s) named above:**      **Brookside Properties, Inc.**
                                               **2002 Richard Jones Road, #200**
                                               **Nashville, TN 37215**

       You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

       The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

       An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

       If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated: _12/29/2021_      _____

Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA           )          IN THE HAMILTON COUNTY SUPERIOR COURT
                           ) SS:
COUNTY OF HAMILTON    )          CAUSE NO.


MICHELLE DANIS,                                    )
                                                  )
     Plaintiff,                                    )
                                                  )
v.                                                )
                                                  )
FERRIS STREET PARTNERS, LLC d/b/a                 )
  32 UNION APARTMENTS,                            )
32 UNION, LLC,                                    )
32 UNION TWG, LLC,                                )
TWG DEVELOPMENT LLC,                              )
TWG MANAGEMENT NC, LLC,                           )
TWG MANAGEMENT, INC.,                             )
TWG MANAGEMENT, LLC,                              )
BROOKSIDE PROPERTIES, INC.,                       )
JOSLYN O'CONNOR,                                  )
JEANNIE MASON, and                                )
HANNAH ODEN,                                      )
                                                  )
     Defendants.                                  )

# **<u>SUMMONS</u>**

**To the Defendant(s) named above:**          **Joslyn O'Connor**
                                              **2509 Solana Place, Unit 104**
                                              **Indianapolis, IN 46240**

     You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

     The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

     An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

     If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated: __12/29/2021__                          _____

Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA     )       IN THE HAMILTON COUNTY SUPERIOR COURT
    ) SS:
COUNTY OF HAMILTON   )       CAUSE NO.

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
|   32 UNION APARTMENTS, | ) |
| 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, | ) |
| TWG DEVELOPMENT LLC, | ) |
| TWG MANAGEMENT NC, LLC, | ) |
| TWG MANAGEMENT, INC., | ) |
| TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, | ) |
| JEANNIE MASON, and | ) |
| HANNAH ODEN, | ) |
| | ) |
|     Defendants. | ) |

# <u>SUMMONS</u>

**To the Defendant(s) named above:**     **Jeannie Mason**
                                        **6426 Bayside Ct.**
                                        **Indianapolis, IN 46250**

      You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

      The nature of the suit against you is stated in the Complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

      An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

      If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons:

Complaint and Appearance

Dated: 12/29/2021 _____

_____
Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

**Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
WALDRON TATE BOWEN FUNK SPANDAU LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA )    IN THE HAMILTON COUNTY SUPERIOR COURT
) SS:
COUNTY OF HAMILTON )    CAUSE NO.


MICHELLE DANIS,                              )
                                             )
        Plaintiff,                           )
                                             )
v.                                           )
                                             )
FERRIS STREET PARTNERS, LLC d/b/a            )
  32 UNION APARTMENTS,                       )
32 UNION, LLC,                               )
32 UNION TWG, LLC,                           )
TWG DEVELOPMENT LLC,                         )
TWG MANAGEMENT NC, LLC,                      )
TWG MANAGEMENT, INC.,                        )
TWG MANAGEMENT, LLC,                         )
BROOKSIDE PROPERTIES, INC.,                  )
JOSLYN O'CONNOR,                             )
JEANNIE MASON, and                           )
HANNAH ODEN,                                 )
                                             )
        Defendants.                          )

# <u>SUMMONS</u>

**To the Defendant(s) named above:**     **Hanna Oden**
                                         **17380 Fleming St., Apt. 204**
                                         **Noblesville, IN 46060**


        You are hereby notified that you have been sued by the persons named "Plaintiff" in the Court stated above.

        The nature of the suit against you is stated in the Complaint which is attached to this Summons.  It also states the relief sought or the demand made against you by the Plaintiff.

        An answer or other appropriate response in writing to the Complaint must be filed either by your or your attorney within twenty (20) days commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

        If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

The following documents are also served with this Summons.

      Complaint and Appearance

Dated: _12/29/2021_                                                  _____
                                                    Clerk, Hamilton County Superior Court

The following manner of service of summons is hereby designated:

      **Certified Mail on Individual at above address**

PREPARED BY:

Katherine A. Piscione, Attorney No. 37166-49
Benjamin A. Spandau, Attorney No. 34207-49
Waldron Tate Bowen Funk Spandau LLC
156 E. Market St., 5th Floor
Indianapolis, IN 46204
Telephone:  (317) 296-5294
Facsimile: (317) 423-0772
katie@wtbfs-law.com
ben@wtbfs-law.com

STATE OF INDIANA    |    HAMILTON COUNTY SUPERIOR COURT

                 SS:

COUNTY OF HAMILTON  |    CAUSE NO. 29D03-2112-CT-009367

MICHELLE DANIS

        Plaintiff,

   v.

FERRIS STREET PARTNERS, LLC
d/b/a 32 UNION APARTMENTS,
32 UNION, LLC
32 UNION TWG, LLC
TWG DEVELOPMENT LLC        **Certificate of Issuance of**
TWG MANAGEMENT NC, LLC              **Summons**
TWG MANAGEMENT, INC.
TWG MANAGEMENT, LLC
BROOKSIDE PROPERTIES, INC.
JOSLYN O'CONNOR
JEANNIE MASON, and
HANA ODEN,

       Defendants.

     I, Katherine A. Piscione and Benjamin Spandau, Attorneys for the Plaintiff, do hereby certify that on the <u>December 29, 2021</u>, I sent, by certified mail USPS return receipt requested, a filed stamped copy of the Summons and copy of the Complaint for this case to each of the following defendants:

**Party Served:**       **Ferris Street Partners, LLC**

                    **d/b/a 32 Union Apartments**

Method of Service:     Certified Mail USPS

Address of Party:      c/o National Registered Agents, Inc.

                   334 North Senate Avenue

                   Indianapolis, IN  46204

Tracking/Identification Number:  7019 1640 0000 0856 1400

**Party Served:**          **32 Union, LLC**

                           **CT Corporation System – Registered Agent**

Method of Service:     Certified Mail USPS

Address of Party:      50 West Market Street, Suite 800

                       Indianapolis, IN 46204

Tracking/Identification Number:   7019 1640 0000 0856 1394


**Party Served:**          **32 Union TWG, LLC**

                           **CT Corporation System – Registered Agent**

Method of Service:     Certified Mail USPS

Address of Party:      150 West Market Street, Suite 800

                       Indianapolis, IN 46204

Tracking/Identification Number:  7019 1640 0000 0856 1387


**Party Served:**          **TWG Development, LLC**

                           **CT Corporation System – Registered Agent**

Method of Service:     Certified Mail USPS

Address of Party:      334 North Senate Avenue

                       Indianapolis, IN 46204

Tracking/Identification Number:  7019 1640 0000 0856 1370

**Party Served:**       **TWG Management NC, LLC**

                    **CT Corporation System – Registered Agent**

Method of Service:     Certified Mail USPS

Address of Party:     334 North Senate Avenue

                    Indianapolis, In 46204

Tracking/Identification Number: 7019 1640 0000 0856 1363

**Party Served:**       **TWG Management, Inc.**

                    **CT Corporation System – Registered Agent**

Method of Service:     Certified Mail USPS

Address of Party:     334 North Senate Avenue

                    Indianapolis, IN 46204

Tracking/Identification Number: 7019 1640 0000 0856 1349

**Party Served:**       **TWG Management, LLC**

                    **CT Corporation System – Registered Agent**

Method of Service:     Certified Mail USPS

Address of Party:     334 North Senate Avenue

                    Indianapolis, IN 46204

Tracking/Identification Number: 7019 1640 0000 0856 1356

**Party Served:**          **Brookside Properties, Inc.**

                          **CT Corporation System – Registered Agent**

Method of Service:          Certified Mail USPS

Address of Party:          2002 Richard Jones Road, #200

                          Nashville, TN 37215

Tracking/Identification Number:  7019 1640 0000 0856 1332

**Party Served:**          **Joslyn O'Connor**

Method of Service:          Certified Mail USPS

Address of Party:          2509 Solana Place, Unit 104

                          Indianapolis, IN 46204

Tracking/Identification Number:  7019 1640 0000 0856 1325

**Party Served:**          **Jeannie Mason**

Method of Service:          Certified Mail USPS

Address of Party:          6426 Bayside Court

                          Indianapolis, IN 46250

Tracking/Identification Number:  7019 1640 0000 0856 1318

**Party Served:**          **Hanna Oden**

Method of Service:          Certified Mail USPS

Address of Party:          17380 Fleming St., Apt. 204

                          Noblesville, IN 46060

Tracking/Identification Number:  7019 2280 0002 2421 0525

Respectfully submitted,

WALDRON TATE BOWEN FUNK SPANDAU LLC


*/s/ Katherine A. Piscione*
Katherine A. Piscione, Atty. No. 37166-49
Benjamin A. Spandau, Atty. No. 34207-49
156 E Market St, Suite 500
Indianapolis, IN 46204
P: 317-296-5294
F: 317-423-0772
Katie@wtbfs-law.com
ben@wtbfs-law.com

Attorneys for Plaintiff

STATE OF INDIANA      )            HAMILTON COUNTY SUPERIOR COURT
                        ) SS:
COUNTY OF HAMILTON  )            CAUSE NO:  29D03-2112-CT-009367

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, TWG DEVELOPMENT, LLC, | ) |
| TWG MANAGEMENT NC, LLC, TWG | ) |
| MANAGEMENT, INC, TWG MANAGEMENT, LLC, | ) |
| BROOKSIDE PROPERTIES, INC., JOSLYN | ) |
| O'CONNOR, JEANNIE MASON, and HANNA ODEN, | ) |
| | ) |
| Defendants. | ) |

## **APPEARANCE BY ATTORNEY IN CIVIL CASE**

1.      The party on whose behalf this form is being filed is:
      Initiating_____      Responding__X_____      Intervening_____; and

      the undersigned attorneys listed on this form now appear in this case for the following parties:

      Name of Party:_____**TWG DEVELOPMENT, LLC; TWG MANAGEMENT NC, LLC; TWG MANAGEMENT, INC.; and TWG MANAGEMENT, LLC**_____

      Address of party (*see Question #6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order*).

      _____

      Telephone # of party _____
      (*List on a continuation page additional parties this attorney represents in this case*).

2.      Attorney information for service as required by Trial Rule 5(B)(2)

      Lori A. Coates                Attorney No.:  25927-49
      DUFFIN, HASH & COATES, LLP     Phone:  317-580-9348
      4640 West 71st Street           Fax:  317-224-2345
      Indianapolis, IN 46268         lcoates@duffinandhash.com
      (*List on continuation page additional attorneys appearing for above party*).

**IMPORTANT**:        Each attorney specified on this Appearance:

(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)    **acknowledges that all orders, opinions, and notices from the Court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov

3.    This is a _____ case type as defined in Administrative Rule 8(B)(3).

4.    I will accept service from other parties by:

FAX at the above noted number.        NO
Email at the above noted email:        YES

5.    This case involves child support issues.        **NO**    (*If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**.  Use Form TCM-TR3.1-4*).

6.    This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order.    **NO**    (*If yes, the initiating party must provide an address for the purpose of legal service, but that address should not be one that exposes the whereabouts of a petitioner*.)  The party shall use the following address for purposes of legal service:

_____        Attorney's address

_____        The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is confidential@atg.state.in.us).

_____        Another address (provide)

_____

7.    This case involves a petition for involuntary commitment.    **NO**

8.    If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b.  State of Residence of person subject to petition: _____

c.  At least one of the following pieces of identifying information:
   (i)  Date of birth _____
   (ii)  Driver's License Number _____
        State where issued _____ Expiration date _____
   (iii)  State ID number _____
        State where issued _____ Expiration date _____
   (iv)  FBI number _____
   (v)  Indiana Department of Corrections Number _____
        (vi)  Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

9.  There are related cases:  **NO**  (*If yes, list on continuation page*)

10.  Additional information required by local rule:

_____

11.  There are other party members:  **NO**  (*If yes, list on continuation page*)

12.  This form has been served on all parties.  Certificate of Service is attached. **YES**

DUFFIN, HASH & COATES, LLP

/s/ *Lori A. Coates*
_____

Lori A. Coates (25927-49)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via E-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this date January 11, 2022:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWMAN FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN  46204

Ferris Street Partners, LLC
d/b/a 32 Union Apartments
c/o National Registered Agents, Inc.
334 North Senate Ave.
Indianapolis, IN 46204

32 Union, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

32 Union TWG, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

Brookside Properties, Inc.
2002 Richard Jones Road, #200
Nashville, TN 37215

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 46240

Jeannie Mason
6426 Bayside Ct.
Indianapolis, IN 46250

Hanna Oden
17380 Fleming St., Apt. 204
Noblesville, IN 46060

/s/ *Lori A. Coates*

Lori A. Coates

STATE OF INDIANA          )          HAMILTON COUNTY SUPERIOR COURT
                          ) SS:
COUNTY OF HAMILTON   )          CAUSE NO:  29D03-2112-CT-009367

MICHELLE DANIS,                              )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )
                                             )
FERRIS STREET PARTNERS, LLC d/b/a            )
32 UNION APARTMENTS, 32 UNION, LLC,          )
32 UNION TWG, LLC, TWG DEVELOPMENT, LLC,     )
TWG MANAGEMENT NC, LLC, TWG                   )
MANAGEMENT, INC, TWG MANAGEMENT, LLC,        )
BROOKSIDE PROPERTIES, INC., JOSLYN           )
O'CONNOR, JEANNIE MASON, and HANNA ODEN,     )
                                             )
                Defendants.                  )

## DEMAND FOR JURY TRIAL

Defendants, TWG Development LLC, TWG Management NC, LLC, TWG Management,

Inc., and TWG Management, LLC, by counsel, move that this matter be tried by jury.


DUFFIN, HASH & COATES, LLP

/s/ *Lori A. Coates*
_____

Lori A. Coates (25927-49)

DUFFIN, HASH & COATES, LLP
4640 W. 71st Street
Indianapolis, IN 46268
(317) 580-9348
Attorney for Defendants, TWG Development LLC, TWG Management NC, LLC,
TWG Management, Inc., and TWG Management, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via E-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this date January 11, 2022:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWMAN FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN  46204

Ferris Street Partners, LLC
d/b/a 32 Union Apartments
c/o National Registered Agents, Inc.
334 North Senate Ave.
Indianapolis, IN 46204

32 Union, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

32 Union TWG, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

Brookside Properties, Inc.
2002 Richard Jones Road, #200
Nashville, TN 37215

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 46240

Jeannie Mason
6426 Bayside Ct.
Indianapolis, IN 46250

Hanna Oden
17380 Fleming St., Apt. 204
Noblesville, IN 46060

/s/ *Lori A. Coates*

Lori A. Coates

STATE OF INDIANA       )                HAMILTON COUNTY SUPERIOR COURT
                      ) SS:
COUNTY OF HAMILTON  )              CAUSE NO:  29D03-2112-CT-009367

MICHELLE DANIS,                )
                                 )
             Plaintiff,         )
                                 )
      v.                         )
                                 )
FERRIS STREET PARTNERS, LLC d/b/a     )
32 UNION APARTMENTS, 32 UNION, LLC,    )
32 UNION TWG, LLC, TWG DEVELOPMENT, LLC, )
TWG MANAGEMENT NC, LLC, TWG         )
MANAGEMENT, INC, TWG MANAGEMENT, LLC,  )
BROOKSIDE PROPERTIES, INC., JOSLYN     )
O'CONNOR, JEANNIE MASON, and HANNA ODEN, )
                                 )
            Defendants.    )

### DEFENDANTS' MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants, TWG Development LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, and pursuant to Trial Rule 6(B)(1) of the Indiana Rules of Trial Procedure, respectfully move the Court for a thirty (30) day enlargement of time within which to respond to the Complaint for Damages filed in this action.  In support thereof, Defendants would show the Court the following:

1.      Defendants' Answer to Plaintiff's Complaint for Damages is due on or about January 27, 2022.

2.      No other enlargement of time has been requested by the Defendants to respond to said Complaint for Damages.

3.     Such enlargement of time is necessary because the undersigned counsel has just been engaged and has not yet had an opportunity to fully investigate the facts concerning the allegations of the Complaint nor to confer with her clients.

4.     Such enlargement of time shall expire on February 26, 2022.

WHEREFORE, Defendants, TWG Development LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, respectfully move the Court for a thirty (30) day enlargement of time to respond to Plaintiff's Complaint for Damages, said enlargement to and including February 26, 2022, and for all other relief just and proper in the premises.

DUFFIN, HASH & COATES, LLP

_____/s/ *Lori A. Coates*_____

Lori A. Coates (25927-49)

DUFFIN, HASH & COATES, LLP
4640 W. 71st Street
Indianapolis, IN 46268
(317) 580-9348
Attorney for Defendants, TWG Development LLC, TWG Management NC, LLC,
TWG Management, Inc., and TWG Management, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via E-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this date January 11, 2022:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWMAN FUNK SPANDAU
LLC
156 E. Market Street, 5th Floor
Indianapolis, IN  46204

Ferris Street Partners, LLC
d/b/a 32 Union Apartments
c/o National Registered Agents, Inc.
334 North Senate Ave.
Indianapolis, IN 46204

32 Union, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204


32 Union TWG, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

Brookside Properties, Inc.
2002 Richard Jones Road, #200
Nashville, TN 37215

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 46240

Jeannie Mason
6426 Bayside Ct.
Indianapolis, IN 46250

Hanna Oden
17380 Fleming St., Apt. 204
Noblesville, IN 46060


/s/ *Lori A. Coates*

Lori A. Coates

99174.26

STATE OF INDIANA                    HAMILTON SUPERIOR COURT 3

COUNTY OF HAMILTON                  CAUSE NO.: 29D03-2112-CT-009367

MICHELLE DANIS,

      Plaintiff,

v.

FERRIS STREET PROPERTIES, LLC d/b/a
32 UNION APARTMENTS,
32 UNION, LLC,
32 UNION TWG, LLC,
TWG DEVELOPMENT LLC,
TWG MANAGEMENT NC, LLC,
TWG MANAGEMENT, INC.,
TWG MANAGEMENT, LLC,
BROOKSIDE PROPERTIES, INC.,
JOSLYN O'CONNOR,
JEANNIE MASON, and
HANNAH ODEN,

      Defendants.

## E-FILING APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1

1.      The party on whose behalf this form is being filed is:  Responding

The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

### FERRIS STREET PROPERTIES, LLC

2.      Attorney information for service as required by Trial Rule 5(B)(2):

      James H. Milstone      Atty. No. #10460-02
      KOPKA PINKUS DOLIN PC      Telephone: 317-818-1360
      550 Congressional Blvd., Suite 310  Facsimile:  317-818-1390
      Carmel, IN 46032      Email:  jhmilstone@kopkalaw.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)      certifies that the contact information listed for him/her on the Indiana Supreme

Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)    acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3.    This is a civil tort case type as defined in administrative Rule 8(B)(3)

4.    I will accept service by:
Fax at the above noted number:  NO
Email at the above noted address:  YES

5.    This case involves child support issues:  NO

6.    This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order:  NO

7.    This case involves a petition for involuntary commitment:  NO

8.    Are there related cases:  NO

9.    Additional information required by local rule:  NONE

10.    Are there other party members:  NO

11.    This form has been served on all other parties and Certificate of Service is attached:  YES

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

By:   */s/ James H. Milstone*
James H. Milstone (#10460-02)
Attorney for Ferris Street Properties, LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of January, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Katherine A. Piscione
Benjamin A. Spandau
Waldron Tate Bowen Funk Spandau LLC
156 E. Market St., 5th Floor
Indianapolis, IN  46204

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN  46268

                                        */s/ James H. Milstone*

KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN  46032
Tel:     (317) 818-1360
Fax:     (317) 818-1390
Email: JHMilstone@kopkalaw.com

99174

STATE OF INDIANA                          HAMILTON SUPERIOR COURT 3

COUNTY OF HAMILTON                        CAUSE NO.: 29D03-2112-CT-009367

MICHELLE DANIS,

      Plaintiff,

v.

FERRIS STREET PROPERTIES, LLC d/b/a
32 UNION APARTMENTS,
32 UNION, LLC,
32 UNION TWG, LLC,
TWG DEVELOPMENT LLC,
TWG MANAGEMENT NC, LLC,
TWG MANAGEMENT, INC.,
TWG MANAGEMENT, LLC,
BROOKSIDE PROPERTIES, INC.,
JOSLYN O'CONNOR,
JEANNIE MASON, and
HANNAH ODEN,

      Defendants.

## UNOPPOSED MOTION FOR EXTENSION OF TIME

Defendant Ferris Street Properties, LLC, by counsel, James H. Milstone of Kopka Pinkus Dolin PC, for its Motion for Extension of Time, states:

1.      Defendant Ferris Street Properties, LLC, was served with a copy of the complaint and summons on January 3, 2022.

2.      Defendant's answer is therefore due for filing with this Court on January 20, 2022. Such time has not yet expired.

3.      No prior extensions have been requested.

4.      Defendant and its undersigned counsel require an additional thirty (30) days to properly investigate the allegations in Plaintiff's Complaint, so that an adequate response may be formulated, prepared and filed with the Court by counsel.

5.      Such enlargement of time shall expire on February 21, 2022.

6.      This Motion is made in good faith and not for the purpose of delay.

7.      Plaintiff's counsel has no objection to this motion.

**WHEREFORE,** Defendant, Ferris Street Properties, LLC, respectfully requests an extension of thirty (30) days, to and including February 21, 2022 to answer or otherwise respond to Plaintiff's Complaint, and all other just and proper relief.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

By:    */s/ James H. Milstone*
        James H. Milstone (#10460-02)
        Attorney for Ferris Street Properties, LLC

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of January, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Katherine A. Piscione
Benjamin A. Spandau
Waldron Tate Bowen Funk Spandau LLC
156 E. Market St., 5th Floor
Indianapolis, IN  46204

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN  46268

*/s/ James H. Milstone*

KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN  46032
Tel:    (317) 818-1360
Fax:    (317) 818-1390
Email: JHMilstone@kopkalaw.com

99174

STATE OF INDIANA                           HAMILTON SUPERIOR COURT 3

COUNTY OF HAMILTON                          CAUSE NO.: 29D03-2112-CT-009367

MICHELLE DANIS,

      Plaintiff,

v.

FERRIS STREET PROPERTIES, LLC d/b/a
32 UNION APARTMENTS,
32 UNION, LLC,
32 UNION TWG, LLC,
TWG DEVELOPMENT LLC,
TWG MANAGEMENT NC, LLC,
TWG MANAGEMENT, INC.,
TWG MANAGEMENT, LLC,
BROOKSIDE PROPERTIES, INC.,
JOSLYN O'CONNOR,
JEANNIE MASON, and
HANNAH ODEN,

      Defendants.

## ORDER ON DEFENDANT'S UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Ferris Street Properties, LLC, by counsel, files with the Court its Unopposed

Motion for Extension of time to Respond to Plaintiff's Complaint.

The Court being duly advised now GRANTS said motion and ORDERS that Defendant

shall have to and including February 21, 2022 to file an answer to Plaintiff's Complaint.

SO ORDERED: ___1/19/2022___

Magistrate
_____
Hon. William J. Hughes
Hamilton Superior Court No. 3

Distribution to parties via IEFS

99174

STATE OF INDIANA                          HAMILTON SUPERIOR COURT 3

COUNTY OF HAMILTON                        CAUSE NO.: 29D03-2112-CT-009367

MICHELLE DANIS,

      Plaintiff,

v.

FERRIS STREET PROPERTIES, LLC d/b/a
32 UNION APARTMENTS,
32 UNION, LLC,
32 UNION TWG, LLC,
TWG DEVELOPMENT LLC,
TWG MANAGEMENT NC, LLC,
TWG MANAGEMENT, INC.,
TWG MANAGEMENT, LLC,
BROOKSIDE PROPERTIES, INC.,
JOSLYN O'CONNOR,
JEANNIE MASON, and
HANNAH ODEN,

      Defendants.

## SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME

Defendant Ferris Street Properties, LLC, by counsel, James H. Milstone of Kopka Pinkus Dolin PC, for its Second Motion for Extension of Time, states:

1.      Defendant Ferris Street Properties, LLC's answer is due for filing in this Court.

2.      Defendant requires a short extension of time to file its answer and requests an extension to and including March 1, 2022.

3.      This Motion is made in good faith and not for the purpose of delay.

4.      Plaintiff's counsel has no objection to this motion.

**WHEREFORE,** Defendant, Ferris Street Properties, LLC, respectfully requests an extension of time, to and including March 1, 2022 to answer or otherwise respond to Plaintiff's Complaint, and all other just and proper relief.

1

Respectfully Submitted,

KOPKA PINKUS DOLIN PC


By: ___*/s/ James H. Milstone*_____
        James H. Milstone (#10460-02)
        Attorney for Ferris Street Properties, LLC


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 22nd day of February, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Katherine A. Piscione
Benjamin A. Spandau
Waldron Tate Bowen Funk Spandau LLC
156 E. Market St., 5th Floor
Indianapolis, IN  46204

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN  46268


                                                        */s/ James H. Milstone*_____


KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN  46032
Tel:     (317) 818-1360
Fax:     (317) 818-1390
Email: JHMilstone@kopkalaw.com

99174

STATE OF INDIANA                          HAMILTON SUPERIOR COURT 3

COUNTY OF HAMILTON                        CAUSE NO.: 29D03-2112-CT-009367

MICHELLE DANIS,

      Plaintiff,

v.

                              **FILED**

                         February 28, 2022

FERRIS STREET PROPERTIES, LLC d/b/a   CLERK OF THE HAMILTON
32 UNION APARTMENTS,              CIRCUIT COURT
32 UNION, LLC,
32 UNION TWG, LLC,
TWG DEVELOPMENT LLC,
TWG MANAGEMENT NC, LLC,
TWG MANAGEMENT, INC.,
TWG MANAGEMENT, LLC,
BROOKSIDE PROPERTIES, INC.,
JOSLYN O'CONNOR,
JEANNIE MASON, and
HANNAH ODEN,

      Defendants.

## ORDER ON DEFENDANT'S SECOND UNOPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Defendant Ferris Street Properties, LLC, by counsel, files with the Court its Second Unopposed Motion for Extension of time to Respond to Plaintiff's Complaint.

The Court being duly advised now GRANTS said motion and ORDERS that Defendant shall have to and including March 1, 2022 to file an answer to Plaintiff's Complaint.

SO ORDERED: _2/27/2022_

Magistrate

_____
Hon. William J. Hughes
Hamilton Superior Court No. 3

Distribution to parties via IEFS

STATE OF INDIANA         )         HAMILTON COUNTY SUPERIOR COURT
                          ) SS:
COUNTY OF HAMILTON   )         CAUSE NO:  29D03-2112-CT-009367

MICHELLE DANIS,                                    )
                                                    )
                    Plaintiff,                      )
                                                    )
        v.                                          )
                                                    )
FERRIS STREET PARTNERS, LLC d/b/a                   )
32 UNION APARTMENTS, 32 UNION, LLC,                 )
32 UNION TWG, LLC, TWG DEVELOPMENT, LLC,            )
TWG MANAGEMENT NC, LLC, TWG                         )
MANAGEMENT, INC, TWG MANAGEMENT, LLC,               )
BROOKSIDE PROPERTIES, INC., JOSLYN                  )
O'CONNOR, JEANNIE MASON, and HANNA ODEN,            )
                                                    )
                    Defendants.                     )

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Come now Defendants, TWG Development, LLC, TWG Management NC, LLC, and

TWG Management, LLC, by counsel, and hereby respond to Plaintiff's Complaint for Damages,

as follows:

### Jurisdiction and Venue

1.      Defendants are without sufficient knowledge to form a belief as to the truth of the

material allegations of paragraph 1 of Plaintiff's Complaint for Damages.

2.      Defendants are without sufficient knowledge to form a belief as to the truth of the

material allegations of paragraph 2 of Plaintiff's Complaint for Damages.

### The Parties

3.      Defendants admit the material allegations contained in paragraph 3 of Plaintiff's

Complaint for Damages.

4.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 4 of Plaintiff's Complaint for Damages.

5.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 5 of Plaintiff's Complaint for Damages.

6.     Defendants deny the allegations contained in paragraph 6 as to TWG Development, LLC, TWG Management NC, LLC, and TWG Management, Inc.  Defendants admit TWG Management, LLC managed the Complex prior to its sale.

7.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 7 of Plaintiff's Complaint for Damages.

8.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 8 of Plaintiff's Complaint for Damages.

9.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 9 of Plaintiff's Complaint for Damages.

10.     Defendant TWG Management, LLC admits that Hanna Oden was an employee of TWG Management, LLC while TWG Management, LLC managed the Complex prior to its sale.

<u>Factual Allegations</u>

11.     Defendants deny the material allegations contained in paragraph 11 of Plaintiff's Complaint for Damages.

12.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 12 of Plaintiff's Complaint for Damages.

13.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 13 of Plaintiff's Complaint for Damages.

14.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 14 of Plaintiff's Complaint for Damages.

15.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 15 of Plaintiff's Complaint for Damages.

16.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 16 of Plaintiff's Complaint for Damages.

17.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 17 of Plaintiff's Complaint for Damages.

18.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 18 of Plaintiff's Complaint for Damages.

19.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 19 of Plaintiff's Complaint for Damages.

20.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 20 of Plaintiff's Complaint for Damages.

21.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 21 of Plaintiff's Complaint for Damages.

22.     Defendants deny the material allegations contained in paragraph 22 of Plaintiff's Complaint for Damages.

23.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 23 of Plaintiff's Complaint for Damages.

24.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 24 of Plaintiff's Complaint for Damages.

25.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 25 of Plaintiff's Complaint for Damages.

26.    TWG Defendants deny ownership of the Complex.

27.    TWG Management, LLC admits it no longer managed the Complex following its sale in March 2020.

28.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 28 of Plaintiff's Complaint for Damages.

29.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 29 of Plaintiff's Complaint for Damages.

30.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 30 of Plaintiff's Complaint for Damages.

31.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 31 of Plaintiff's Complaint for Damages.

32.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 32 of Plaintiff's Complaint for Damages.

33.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 33 of Plaintiff's Complaint for Damages.

34.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 34 of Plaintiff's Complaint for Damages.

35.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 35 of Plaintiff's Complaint for Damages.

36.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 36 of Plaintiff's Complaint for Damages.

37.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 37 of Plaintiff's Complaint for Damages.

38.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 38 of Plaintiff's Complaint for Damages.

39.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 39 of Plaintiff's Complaint for Damages.

40.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 40 of Plaintiff's Complaint for Damages.

41.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 41 of Plaintiff's Complaint for Damages.

42.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 42 of Plaintiff's Complaint for Damages.

43.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 43 of Plaintiff's Complaint for Damages.

44.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 44 of Plaintiff's Complaint for Damages.

45.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 45 of Plaintiff's Complaint for Damages.

46.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 46 of Plaintiff's Complaint for Damages.

47.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 47 of Plaintiff's Complaint for Damages.

48.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 48 of Plaintiff's Complaint for Damages.

49.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 49 of Plaintiff's Complaint for Damages.

50.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 50 of Plaintiff's Complaint for Damages.

51.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 51 of Plaintiff's Complaint for Damages.

52.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 52 of Plaintiff's Complaint for Damages.

53.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 53 of Plaintiff's Complaint for Damages.

54.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 54 of Plaintiff's Complaint for Damages.

55.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 55 of Plaintiff's Complaint for Damages.

56.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 56 of Plaintiff's Complaint for Damages.

57.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 57 of Plaintiff's Complaint for Damages.

58.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 58 of Plaintiff's Complaint for Damages.

59.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 59 of Plaintiff's Complaint for Damages.

60.　　Defendants are sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 60 of Plaintiff's Complaint for Damages.

61.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 61 of Plaintiff's Complaint for Damages.

62.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 62 of Plaintiff's Complaint for Damages.

63.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 63 of Plaintiff's Complaint for Damages.

64.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 64 of Plaintiff's Complaint for Damages.

65.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 65 of Plaintiff's Complaint for Damages.

66.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 66 of Plaintiff's Complaint for Damages.

67.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 67 of Plaintiff's Complaint for Damages.

68.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 68 of Plaintiff's Complaint for Damages.

69.　　Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 69 of Plaintiff's Complaint for Damages.

70.    Defendant denies all material allegations of Count I of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

Count 1: Violation of 42 U.S.C. § 3604(f)(1)- Failure to Provide Reasonable Accommodation

71.    Defendants hereby incorporate their responses to paragraphs 1 through 69 of Plaintiff's Complaint for Damages as if fully set out herein.

72.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 71 of Plaintiff's Complaint for Damages.

73.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 72 of Plaintiff's Complaint for Damages.

74.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 73 of Plaintiff's Complaint for Damages.

75.    Defendants deny the allegations contained in paragraph 74 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

76.    Defendants deny the allegations contained in paragraph 75 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

77.    Defendant denies all material allegations of Count 1 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

<u>Count 2: Violation of 42 U.S.C. § 3617</u>

78.    Defendants hereby incorporate their responses to paragraphs 1 through 75 of Plaintiff's Complaint for Damages as if fully set out herein.

79.    Defendants deny the allegations contained in paragraph 77 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

80.    Defendants deny the allegations contained in paragraph 78 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

81.    Defendants deny the allegations contained in paragraph 79 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

82.    Defendant denies all material allegations of Count 2 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

## Count 3: Violation of Indiana Fair Housing Act

83.     Defendants hereby incorporate their responses to paragraphs 1 through 79 of Plaintiff's Complaint for Damages as if fully set out herein.

84.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 81 of Plaintiff's Complaint for Damages.

85.     Defendants deny the allegations contained in paragraph 82 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

86.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 83 of Plaintiff's Complaint for Damages.

87.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 84 of Plaintiff's Complaint for Damages.

88.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 85 of Plaintiff's Complaint for Damages.

89.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 86 of Plaintiff's Complaint for Damages.

90.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 87 of Plaintiff's Complaint for Damages.

91.     Defendants deny the allegations contained in paragraph 88 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

92.     Defendants deny the allegations contained in paragraph 89 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

93.    Defendant denies all material allegations of Count 3 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

<u>Count 4: Violation of the Americans with Disabilities Act</u>

94.    Defendants hereby incorporate their responses to paragraphs 1 through 89 of Plaintiff's Complaint for Damages as if fully set out herein.

95.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 91 of Plaintiff's Complaint for Damages.

96.    Defendants deny the allegations contained in paragraph 92 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

97.    Defendants deny the allegations contained in paragraph 93 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

98.    Defendants deny the allegations contained in paragraph 94 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

99.    Defendants deny the allegations contained in paragraph 95 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

100.    Defendant denies all material allegations of Count 4 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

<u>Count 5: Violation of the Rehabilitation Act of 1973</u>

101.    Defendants hereby incorporate their responses to paragraphs 1 through 95 of Plaintiff's Complaint for Damages as if fully set out herein.

102.    Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 97 of Plaintiff's Complaint for Damages.

103.    Defendants deny the allegations contained in paragraph 98 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

104.    Defendants deny the allegations contained in paragraph 99 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

105.    Defendants deny the allegations contained in paragraph 100 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

106.    Defendants deny the allegations contained in paragraph 101 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

107.    Defendant denies all material allegations of Count 5 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

<u>Count 6: Intentional Infliction of Emotional Distress</u>

108.    Defendants hereby incorporate their responses to paragraphs 1 through 101 of Plaintiff's Complaint for Damages as if fully set out herein.

109.    Defendants deny the allegations contained in paragraph 103 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

110.    Defendants deny the allegations contained in paragraph 104 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

111.    Defendants deny the allegations contained in paragraph 105 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

112.    Defendants deny the allegations contained in paragraph 106 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

113.    Defendant denies all material allegations of Count 6 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

<u>Count 7: Negligence</u>

114.     Defendants hereby incorporate their responses to paragraphs 1 through 106 of Plaintiff's Complaint for Damages as if fully set out herein.

115.     Defendants are without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 108 of Plaintiff's Complaint for Damages.

116.     Defendants deny the allegations contained in paragraph 109 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

117.     Defendants deny the allegations contained in paragraph 110 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

118.     Defendants deny the allegations contained in paragraph 111 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

119.     Defendants deny the allegations contained in paragraph 112 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

120.     Defendant denies all material allegations of Count 7 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

<u>Count 8: Battery</u>

121.    Defendants hereby incorporate their responses to paragraphs 1 through 112 of Plaintiff's Complaint for Damages as if fully set out herein.

122.    Defendants deny the allegations contained in paragraph 114 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

123.    Defendants deny the allegations contained in paragraph 115 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

124.    Defendants deny the allegations contained in paragraph 116 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

125.    Defendants deny the allegations contained in paragraph 117 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

126.    Defendant denies all material allegations of Count 8 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take

nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

Count 9: Assault

127.    Defendants hereby incorporate their responses to paragraphs 1 through 117 of Plaintiff's Complaint for Damages as if fully set out herein.

128.    Defendants deny the allegations contained in paragraph 119 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

129.    Defendants deny the allegations contained in paragraph 120 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

130.    Defendants deny the allegations contained in paragraph 121 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

131.    Defendants deny the allegations contained in paragraph 122 as to TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC.

132.    Defendant denies all material allegations of Count 9 of Plaintiff's Complaint for Damages not more specifically addressed hereinabove.

WHEREFORE, Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, prays that Plaintiff take nothing by way of her Complaint for Damages, that Defendants be awarded judgment for their costs herein, and all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

Come now Defendants, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC, by counsel, and for their Affirmative Defenses to Plaintiff's Complaint for Damages, states as follows:

1. Plaintiff's own fault proximately caused her injuries and damages, if any, in the following particulars:

     a. Plaintiff's negligence proximately caused her injuries and damages, if any;

     b. Plaintiff incurred the risk of the injuries and damages, if any; and

     c. Plaintiff's conduct constituted an unreasonable failure to avoid damages.

2. Plaintiff's conduct constituted an unreasonable failure to mitigate damages.

3. Plaintiff's claims are barred in view of the fact that Plaintiff's comparative fault is greater than the fault of all persons whose fault may have proximately contributed to the Plaintiff's injuries and damages. In the alternative, to the extent Plaintiff's fault is less than fifty one percent (51%) of all fault determined by the trier of fact, Plaintiff's recovery, if any, should be reduced pursuant to the Indiana Comparative Fault Act.

4. Certain, as of yet, unidentified individual(s), are or may be, persons who caused or contributed to cause the alleged damages.

5. Plaintiff's injuries and damages, if any, were the result of acts and/or omissions of individuals other than Defendant, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC to include but not limited to Defendant, Ferris Street Partners, LLC d/b/a 32 Union Apartments, 32 Union, LLC, 32 Union TWG, LLC, Brookside Properties, Inc., Joslyn O'Connor, Jeannie Mason, and Hanna Oden.

6.      All or a portion of Plaintiff's damages have been paid by collateral sources or other persons or entities.

7.      Plaintiff's claims may be reduced pursuant to *Stanley v. Walker*, 906 N.E.2nd 852 (Ind. 2009) and/or *Patchett v. Lee*, 60 N.E.3d 1025.

8.      Plaintiff has failed to state a claim upon which relief may be granted.

9.      Any Co-Defendant who is dismissed from this action is an entity or non-party who caused or contributed to Plaintiff's alleged injury and damages.

10.     Defendants reserve the right to supplement these defenses as this matter develops.

DUFFIN, HASH & COATES, LLP

/s/ *Lori A. Coates*

Lori A. Coates (25927-49)

DUFFIN, HASH & COATES, LLP
4640 W. 71st Street
Indianapolis, IN 46268
(317) 580-9348
Attorney for Defendants, TWG Development LLC, TWG Management NC, LLC,
TWG Management, Inc., and TWG Management, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via E-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this date February 28, 2022:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWMAN FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN  46204

James H. Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Ste. 310
Carmel, IN  46032

32 Union, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

32 Union TWG, LLC
CT Corporation System-Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

Brookside Properties, Inc.
2002 Richard Jones Road, #200
Nashville, TN 37215

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 46240

Jeannie Mason
6426 Bayside Ct.
Indianapolis, IN 46250

Hanna Oden
17380 Fleming St., Apt. 204
Noblesville, IN 46060

/s/ *Lori A. Coates*

Lori A. Coates

IN THE HAMILTON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| MICHELLE DANIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  29D03-2112-CT-009367 |
| v. | ) | |
| | ) | |
| FERRIS STREET PARTNERS, LLC d/b/a | ) | |
| 32 UNION APARTMENTS, 32 UNION, | ) | |
| LLC, 32 UNION TWG, LLC, TWG | ) | |
| DEVELOPMENT LLC, TWG | ) | |
| MANAGEMENT NC, LLC, TWG | ) | |
| MANAGEMENT, INC. TWG | ) | |
| MANAGEMENT, LLC, BROOKSIDE | ) | |
| PROPERTIES, INC., JOSLYN | ) | |
| O'CONNOR, JEANNIE MASON, and | ) | |
| HANNA ODEN, | ) | |
| Defendants. | ) | |

## **APPEARANCE BY ATTORNEY IN CIVIL CASE**

**Party Classification:** Initiating ___ Responding __X__ Intervening ____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

### **32 UNION, LLC**

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Janelle P. Kilies | Attorney No. 30708-49 |
| Anthony Simonton, Jr. | Attorney No. 35647-29 |
| LEWIS WAGNER, LLP | Phone:  (317) 237-0500 |
| 1411 Roosevelt Avenue, Suite 102 | Fax:     (317) 630-2790 |
| Indianapolis IN 46201 | |
| jkilies@lewiswagner.com | |
| asimonton@lewiswagner.com | |

Each attorney specified on this appearance:

(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this

        Appearance;

(b)    **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.    There are other party members: Yes ___ No __/__ *(If yes, list on continuation page.)*

4.    *If first initiating party filing this case,* the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3): __

5.    This case involves support issues. Yes ___ No __/__ *(If yes, supply social security numbers for all family members on continuation page.)*

6.    There are related cases: Yes ____ No __/__ *(If yes, list on continuation page.)*

7.    This form has been served on all other parties. Certificate of Service is attached. Yes __/__ No ____

8.    Additional information required by local rule: _____N/A_____.

        Respectfully,

        *s/ Janelle Kilies*_____
        JANELLE KILIES, #30708-49
        ANTHONY SIMONTON, JR. # 35647-29
        LEWIS WAGNER, LLP
        Suite 102
        1411 Roosevelt Avenue
        Indianapolis, IN 46201
        **Counsel for Defendant 32 Union, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWEN
FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN 46204
katie@wtbfs-law.com
ben@wtbfs-law.com
***Counsel for Plaintiff***

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN 46268
***Counsel for TWG Defendants***

James H. Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN 46032
JHMilstone@kopkalaw.com
***Counsel for Defendant Ferris Street
Properties, LLC***

*s/ Janelle Kilies*
JANELLE P. KILIES

LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
Telephone:     317-237-0500
Facsimile:     317-630-2790
jkilies@lewiswagner.com
asimonton@lewiswagner.com

3

IN THE HAMILTON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.:  29D03-2112-CT-009367 |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, 32 UNION, | ) |
| LLC, 32 UNION TWG, LLC, TWG | ) |
| DEVELOPMENT LLC, TWG | ) |
| MANAGEMENT NC, LLC, TWG | ) |
| MANAGEMENT, INC. TWG | ) |
| MANAGEMENT, LLC, BROOKSIDE | ) |
| PROPERTIES, INC., JOSLYN | ) |
| O'CONNOR, JEANNIE MASON, and | ) |
| HANNA ODEN, | ) |
| Defendants. | ) |

## DEFENDANT'S UNOPPOSED BELATED MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSIVE PLEADING

Defendant, 32 Union, LLC ("Defendant"), by counsel, hereby moves the Court for an enlargement of time up to and including March 27, 2022 during which to answer or otherwise respond to Plaintiff's Complaint for Damages. In support of this Motion, Defendant states:

1.     Defendant's answer is due for filing in this Court.

2.     The undersigned counsel has only recently been retained and requires an additional time to confer with their client and prepare an appropriate response.

3.     No prior enlargements of time have been requested by Defendant.

4.     Counsel for Plaintiff was contacted regarding this Motion and does not object.

WHEREFORE, Defendant, 32 Union, LLC, by counsel, prays for an enlargement of time up to and including March 27, 2022 during which to answer or otherwise respond to Plaintiffs' Complaint for Damages and for all other just and proper relief in the premises.

Respectfully,


s/ Janelle Kilies
JANELLE KILIES, #30708-49
ANTHONY SIMONTON, JR. # 35647-29
LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
**Counsel for Defendant 32 Union, LLC**


## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2022, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWEN
FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN 46204
katie@wtbfs-law.com
ben@wtbfs-law.com
**Counsel for Plaintiff**

James H. Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN 46032
JHMilstone@kopkalaw.com
**Counsel for Defendant Ferris Street Properties, LLC**

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN 46268
**Counsel for TWG Defendants**


s/ Janelle Kilies
JANELLE P. KILIES


LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
Telephone:      317-237-0500
Facsimile:      317-630-2790
jkilies@lewiswagner.com
asimonton@lewiswagner.com

IN THE HAMILTON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.:  29D03-2112-CT-009367 |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, 32 UNION, | ) |
| LLC, 32 UNION TWG, LLC, TWG | ) |
| DEVELOPMENT LLC, TWG | ) |
| MANAGEMENT NC, LLC, TWG | ) |
| MANAGEMENT, INC. TWG | ) |
| MANAGEMENT, LLC, BROOKSIDE | ) |
| PROPERTIES, INC., JOSLYN | ) |
| O'CONNOR, JEANNIE MASON, and | ) |
| HANNA ODEN, | ) |
| Defendants. | ) |

## <u>APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

**Party Classification:**  Initiating ___  Responding __X__  Intervening ____

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

### 32 UNION TWG, LLC

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| | |
|---|---|
| Janelle P. Kilies | Attorney No. 30708-49 |
| Anthony Simonton, Jr. | Attorney No. 35647-29 |
| LEWIS WAGNER, LLP | Phone:  (317) 237-0500 |
| 1411 Roosevelt Avenue, Suite 102 | Fax:     (317) 630-2790 |
| Indianapolis IN 46201 | |
| jkilies@lewiswagner.com | |
| asimonton@lewiswagner.com | |

Each attorney specified on this appearance:

(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this

Appearance;

(b) **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c) understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.  There are other party members: Yes ___  No _/_  *(If yes, list on continuation page.)*

4.  *If first initiating party filing this case,* the Clerk is requested to assign the case the following Case Type under Administrative Rule 8(b)(3): _

5.  This case involves support issues. Yes ___  No _/_  *(If yes, supply social security numbers for all family members on continuation page.)*

6.  There are related cases: Yes ____  No _/_  *(If yes, list on continuation page.)*

7.  This form has been served on all other parties.  Certificate of Service is attached. Yes _/_  No ____

8.  Additional information required by local rule:  _____N/A_____.


Respectfully,


*s/ Janelle Kilies*_____
JANELLE KILIES, #30708-49
ANTHONY SIMONTON, JR. # 35647-29
LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
***Counsel for Defendant 32 Union, LLC and 32 Union TWG, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWEN
FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN 46204
katie@wtbfs-law.com
ben@wtbfs-law.com
**Counsel for Plaintiff**

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN 46268
**Counsel for TWG Defendants**

James H. Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN 46032
JHMilstone@kopkalaw.com
**Counsel for Defendant Ferris Street Properties, LLC**

*s/ Janelle Kilies*
JANELLE P. KILIES

LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
Telephone:    317-237-0500
Facsimile:    317-630-2790
jkilies@lewiswagner.com
asimonton@lewiswagner.com

3

IN THE HAMILTON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.:  29D03-2112-CT-009367 |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, 32 UNION, | ) |
| LLC, 32 UNION TWG, LLC, TWG | ) |
| DEVELOPMENT LLC, TWG | ) |
| MANAGEMENT NC, LLC, TWG | ) |
| MANAGEMENT, INC. TWG | ) |
| MANAGEMENT, LLC, BROOKSIDE | ) |
| PROPERTIES, INC., JOSLYN | ) |
| O'CONNOR, JEANNIE MASON, and | ) |
| HANNA ODEN, | ) |
| Defendants. | ) |

## DEFENDANT'S UNOPPOSED BELATED MOTION FOR ENLARGEMENT OF TIME TO FILE RESPONSIVE PLEADING

Defendant, 32 Union TWG, LLC ("Defendant"), by counsel, hereby moves the Court for an enlargement of time up to and including March 27, 2022 during which to answer or otherwise respond to Plaintiff's Complaint for Damages. In support of this Motion, Defendant states:

1.    Defendant's answer is due for filing in this Court.

2.    The undersigned counsel has only recently been retained and requires an additional time to confer with their client and prepare an appropriate response.

3.    No prior enlargements of time have been requested by Defendant.

4.    Counsel for Plaintiff was contacted regarding this Motion and does not object.

WHEREFORE, Defendant, 32 Union TWG, LLC, by counsel, prays for an enlargement of time up to and including March 27, 2022 during which to answer or otherwise respond to Plaintiffs' Complaint for Damages and for all other just and proper relief in the premises.

Respectfully,

*s/ Janelle Kilies*
JANELLE KILIES, #30708-49
ANTHONY SIMONTON, JR. # 35647-29
LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
***Counsel for Defendant 32 Union, LLC and 32 Union TWG, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2022, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWEN
FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN 46204
katie@wtbfs-law.com
ben@wtbfs-law.com
***Counsel for Plaintiff***

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN 46268
***Counsel for TWG Defendants***

James H. Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN 46032
JHMilstone@kopkalaw.com
***Counsel for Defendant Ferris Street Properties, LLC***

*s/ Janelle Kilies*
JANELLE P. KILIES

LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
Telephone:    317-237-0500
Facsimile:    317-630-2790
jkilies@lewiswagner.com

2

asimonton@lewiswagner.com

99174.26

STATE OF INDIANA                          HAMILTON SUPERIOR COURT 3

COUNTY OF HAMILTON                        CAUSE NO.: 29D03-2112-CT-009367

MICHELLE DANIS,

        Plaintiff,

v.

FERRIS STREET PROPERTIES, LLC d/b/a
32 UNION APARTMENTS,
32 UNION, LLC,
32 UNION TWG, LLC,
TWG DEVELOPMENT LLC,
TWG MANAGEMENT NC, LLC,
TWG MANAGEMENT, INC.,
TWG MANAGEMENT, LLC,
BROOKSIDE PROPERTIES, INC.,
JOSLYN O'CONNOR,
JEANNIE MASON, and
HANNAH ODEN,

        Defendants.

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant, Ferris Street Properties, LLC d/b/a 32 Union Apartments (hereinafter referred to as "Ferris") by counsel, James H. Milstone of Kopka Pinkus Dolin PC, and for its answer to Plaintiff's Complaint, states:

1.     Jurisdiction is conferred on this Court by Ind. Code § 22-9.5-6-12.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

2.     Venue is proper in Hamilton County, as the events giving rise to this claim occurred in the City of Noblesville, County of Hamilton, in the State of Indiana.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

1

3.       At all times material hereto, Ms. Danis was a tenant at the apartment complex commonly known as 32 Union Apartments (the "Complex") when she resided at 17492 Friendly Street, Apartment Number 308, Noblesville, IN 46060 (the "Apartment").

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

4.       Upon information and belief, Defendant Ferris Street Partners, LLC d/b/a 32 Union Apartments ("Ferris") is the current owner and Defendant Brookside Properties, Inc. ("Brookside") is the current operator of the Complex, which is a multi-unit apartment complex located at 17408 Ferris Street, Noblesville, IN 46060.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

5.       Upon information and belief, Defendant 32 Union, LLC is an Indiana voluntarily dissolved limited liability company that owned and operated the Complex during Ms. Danis' tenancy prior to selling the same to Ferris.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

6.       Upon information and belief, Defendants 32 Union TWG, LLC, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and/or TWG Management, LLC are Indiana limited liability companies that operated the Complex during Ms. Danis' tenancy prior to Defendant 32 Union, LLC's sale of the same to Ferris. Defendants 32 Union, LLC, 32 Union TSG, LLC, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, LLC are hereinafter collectively referred to as "TWG".

2

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

7.    Upon information and belief, Brookside is a Tennessee corporation that operated 32 Union Apartments during Ms. Danis' tenancy.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

8.    Upon information and belief, Defendant Joslyn O'Connor ("Joslyn") is/was an employee, agent representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

9.    Upon information and belief, Defendant Jeannie Mason ("Jeanie") is/was an employee, agent, representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

10.    Upon information and belief, Defendant Hanna Oden ("Hanna") is/was an employee, agent, representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

11.    In or around August 2019, Ms. Danis applied for tenancy with the Complex then owned and operated by TWG.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

12.    At this time, Ms. Danis verbally informed the Office Manager operating the Complex that she was disabled and had an Assistance Animal, a cat, and would be getting a service dog at a later date. Ms. Danis showed the Office Manager the letter from her medical provider that confirmed she was in need of a service animal.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

13.    Ms. Danis was verbally informed that TWG did not need to keep a record of her medical information and that she was approved for her accommodations and that she would not be charged a pet deposit or pet fees.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

14.    In or around August 2019, Ms. Danis also requested from TWG that, due to her disabilities, she be provided a specific private parking place in front of the entrance to her door, that the parking space she be provided had sufficient space for a walker or wheelchair, and that the curb be sloped in order to allow access into the building containing her Apartment.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

15.    At this time, Ms. Danis completed a lengthy packet with additional information regarding her disability that was delivered to TWG for approval.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

16.    In or around August 2019, Ms. Danis was told by TWG that she would be provided with a $500 gift card and $1,000 off her first month's rent as part of TWG's move in special.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

17.    On or around August 23, 2019, Ms. Danis signed her lease for her apartment within the complex with TWG.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

18.    In or around August 2019, Ms. Danis' rent bill showed a $25 charge for a pet fee.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

19.    In the fall of 2019, Ms. Danis approached Hanna and informed her that she should not have the pet fee charge as it had been waived due to her disability. Hanna instructed Ms. Danis to pay the pet fee and that once the correction was made in TWG's system, her account would be credited the charges. At this time, Hanna informed Ms. Danis that an individual from TWG's corporate office would contact Ms. Danis regarding her accommodation request.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

20.    In or around late fall 2019, Ms. Danis was contacted by Hanna and instructed to complete an additional accommodation request packet with additional information regarding her disabilities. Ms. Danis completed the packet a second time and returned it to TWG's corporate office.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

21.    In or around December 2019, the hallway ceiling in Ms. Danis' apartment began flooding. Ms. Danis contacted TWG's maintenance department for the Complex, who inspected the ceiling and was unable to determine the cause of the flooding. After completing the inspection, maintenance never returned to repair the ceiling.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

22.    Due to the failure to repair the ceiling after the flood damage, mold began growing on the ceiling of Ms. Danis' apartment.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

23.    In or around January 2020, Ms. Danis again contacted TWG's maintenance department to inspect the dryer in her apartment. Ms. Danis was instructed by TWG to use the dryer in the apartment next to her until her dryer could be fixed.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

24.    Several days later, TWG's maintenance department replaced the dryer in Ms. Danis' apartment with the dryer from the next door apartment. However, the new dryer shortly stopped working.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

25.     As a result of the inoperable dryer, Ms. Danis was forced to use a nearby laundromat to complete her laundry beginning in January 2020.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

26.     Ownership of the Complex was transferred from TWG to Ferris on or about March 31, 2020.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

27.     Upon information and belief, TWG also transferred control and operations of the Complex to Ferris and Brookside on or about March 31, 2020.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

28.     Upon information and belief, on or about March 31, 2020, Hanna, Joslyn, and Jeannie became employees of Ferris and/or Brookside.

**ANSWER:  Ferris Defendant denies the allegations in this paragraph.**

29.     In or around Spring 2020, Ms. Danis contacted her own contractor to determine the cause of her inoperable dryer. The contractor informed Ms. Danis, Ferris and Brookside that the reason for the inoperable dryer was that no vent system was ever installed for the dryer to vent outside.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

30.     In or around July 2020, Ms. Danis contacted Hanna to ask about when Ferris and/or Brookside would fix her dryer that had been inoperable for almost a year. Hanna

responded angrily to Ms. Danis' request and began shouting that the inoperable dryer was Ms. Danis' fault and no one was coming out to fix it.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

31.    Ms. Danis was charged pet fees from August 2019 through June 2020.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

32.    In or around July 2020, Ms. Danis was informed by Joslyn that Ms. Danis never should have been charged pet fees and that the fees could be deducted from her August rent as that would be easier than mailing a refund check.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

33.    On or around August 5, 2020, Ms. Danis paid her rent in full less the utility fees, as Joslyn wanted to investigate to make sure that Ms. Danis had been charged the correct amount due to the implementation of a new billing system.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

34.    At this same time, Joslyn also informed Ms. Danis that the ledger showed a balance due, but that she knew this was an error and not to worry. Joselyn instructed Ms. Danis that no additional rent was due at that time as her August rent had been paid in full.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

35.     On or around the end of August 2020, Ms. Danis went to see Joslyn in the leasing office of the Complex because the new lease she was supposed to sign would not open on the computer for her to sign.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

36.     On or around August 31, 2020, Ms. Danis signed her new lease for her apartment online.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

37.     On or around September 5, 2020, Ms. Danis dropped off her rent in the leasing office.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

38.     On or around September 9, 2020, Ms. Danis went to the leasing office at the Complex to pick up a copy of her lease. While there, Joslyn and Hanna began angrily shouting at Ms. Danis that she owed Ferris and/or Brookside money and had not signed the new lease.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

39.     At this time, Joslyn logged into Ferris and/or Brookside's computer portal and discovered that while Ms. Danis had signed the lease, the leasing office had never accepted the signed copy of the lease.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

9

40.    On or around October 5, 2020, Ms. Danis dropped her rent check off at the leasing office of the Complex. Joslyn followed Ms. Danis out of the leasing office and to her car berating Ms. Danis alleging she owed Ferris and/or Brookside more money.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

41.    At this time, Ms. Danis got into her car with her grandchildren and locked the doors. Joslyn tried to forcibly enter the vehicle. Ms. Danis asked Joslyn to step away from her vehicle, but Joslyn continued to shout at Ms. Danis for approximately five (5) to eight (8) more minutes.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

42.    In or around October 2020, another flood occurred in Ms. Danis' apartment that resulted in water pouring from the ceiling into Ms. Danis' apartment. Ferris and/or Brookside's maintenance department came over to inspect the cause of the flood and cut a hole into the ceiling of the apartment.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

43.    A few days later Ferris and/or Brookside's maintenance department came over to inspect the flood damage in the ceiling of the apartment.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

44.    In order assess the cause of the flooding, Ferris and/or Brookside's maintenance department needed access to the attic above Ms. Danis' apartment. Ms. Danis called Hanna to

determine where the attic access for the apartment was located. Once again, Hanna began shouting at Ms. Danis and told her to just cut a hole in the ceiling to get to the attic.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

45. Ferris and/or Brookside's maintenance department cut an inappropriately large hole in the ceiling in order to determine the cause of the flooding.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

46. At this time, it was discovered that TWG, Ferris, and/or Brookside never installed the vent system in the ceiling required for Ms. Danis' dryer to function despite the fire risk this posed.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

47. Ms. Danis contacted the City of Noblesville Code Enforcement Office and the Fire Chief to inform them of the problem with the dryer vent in her apartment. Officials came to Ms. Danis' apartment to investigate, cited and provided a deadline for Ferris and Brookside to comply.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

48. The reinspection of the attic was delayed until early 2021 due to COVID-19. When the inspection team eventually returned, they were unable to gain access to the attic of the apartment and took the word of the Ferris and/or Brookside's maintenance team that a vent system had been installed.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

49.    Upon information and belief, a vent system was not installed.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

50.    On or around November 5, 2020 and again December 5, 2020, Ms. Danis paid her rent in full.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

51.    In or around December 2020, a sheriff served Ms. Danis with eviction papers with the stated reason being non-payment of rent. The eviction papers stated that Ms. Danis owed thousands of dollars in unpaid rent.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

52.    At this time, Ms. Danis realized that her September rent check was posted five (5) days late despite her payment being made on time. Additionally, Ms. Danis realized that her October rent check had never been cashed, even though it had been remitted.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

53.    Throughout the period of August to December, Ms. Danis was charged thousands of dollars in late fees and her rent checks were applied only to late fees and not to the rent charges, resulting in more late fees.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

54.    After the eviction was filed, Ms. Danis' December rent payment was refunded.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

55.    On or around January 31, 2021, Ms. Danis' October rent check was cashed and applied to the late fees after several requests from Ms. Danis' counsel.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

56.    In or around Spring 2021, Ms. Danis applied for rental assistance with the U.S. Treasury Covid Renter's Assistance Program and was approved for the maximum benefit of $10,968.51. A check for that amount was sent to Ferris and/or Brookside.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

57.    The amount paid by the U.S. Treasury should have resulted in a zero balance for Ms. Danis for the month of June; however, Ferris and/or Brookside charged Ms. Danis $1,112.20.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

58.    Ms. Danis attempted to discuss the error with Jeannie in the leasing office; however, she refused to look at the ledger and told Ms. Danis that she had never paid rent on time since she moved in and that she had refused to pay rent since 2020.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

59.    Several days later, Ms. Danis returned to the leasing office and attempted to speak to Hanna about the errors on her account. However, Hanna refused to talk to Ms. Danis and instead told her she was poor, didn't have any money, and Ferris and/or Brookside would not be renewing her lease.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

60.    In or around July 2021, Ms. Danis paid her rent in full through the online portal.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

61.    Approximately one (1) week later, Ms. Danis received a notice on her door for failure to pay rent and notified Ms. Danis she must be out of her apartment within seventy-two (72) hours.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

62.    In or around August 2021, Ms. Danis attempted to pay her rent through her online portal; however, Ferris and/or Brookside barred Ms. Danis from making any payments online and removed Ms. Danis' files and records access including records of her payments, lease, and invoices.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

63.     Ms. Danis contacted Ferris and/or Brookside and was told that she had been evicted and that only payment in the amount of $3,200 would be accepted. Additionally, Ms. Danis was told that she must be out of her apartment by August 23, 2021 at the latest and that at this time her locks would be changed, and she would be sent to collections.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

64.     On or around August 19, 2021, Ms. Danis received notice that she must be out of her apartment by August 23, 2021 or the authorities would be contacted and the locks would be changed.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

65.     On or around August 24, 2021, Jeannie forcibly entered Ms. Danis' apartment in order to deliver eviction papers. At that time, Ms. Danis was hit in the chest by the door and sustained injuries as a result.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

66.     During this exchange, Jeannie informed Ms. Danis that she was entering the apartment because it no longer belonged to Ms. Danis, that she had been evicted, and that she was dragging her out.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

67.     To date, Ms. Danis' accommodation requests were never completed or acknowledged. Ms. Danis was continuously charged improper pet fees totaling an amount of $275.00. Additionally, Ms. Danis has been charged $2,201.50 in illegal late fees.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

68.     Additionally, the damage to the ceiling has never been repaired resulting in mold growth and open holes in the ceiling of Ms. Danis' apartment for over a year.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

69.     Despite the eviction moratorium that was in place due to the COVID-19 pandemic and without any authority to do so, Ferris and/or Brookside attempted to physically and actually evict Ms. Danis on several occasions.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

<u>COUNT I</u>

70.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:  Ferris hereby incorporate by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 69, inclusive, of Plaintiff's Complaint.**

71.     Ms. Danis requests to Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf constituted requests for reasonable accommodations under the Fair Housing Act, 42 U.S.C § 3604(f)(3)(B).

16

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

72.     The accommodations requested were reasonable and would have been necessary to afford Ms. Danis equal opportunity to housing at 32 Union Apartments.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

73.     The accommodations proposed would not have imposed an undue financial or administrative burden on the Defendants and did not require a fundamental alteration in the nature of their programs.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

74.     Defendants, individually, and/or through the actions of their agents, have violated Ms. Danis' rights under 42 U.S.C § 3604(f)(3)(B) by denying Ms. Danis' request for reasonable accommodations.

**ANSWER : Ferris denies the allegations in this paragraph.**

75.     As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

<u>COUNT II</u>

76.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:  Ferris hereby incorporates by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 75, inclusive, of Plaintiff's Complaint.**

77.     The statements by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf violated 42 U.S.C. § 3617 because they were intended to coerce, intimidate, threaten, or interfere with Ms. Danis in the exercise of enjoyment of Ms. Danis' rights under the Fair Housing Act of 1968, as amended 42 U.S.C. § 3601 et seq.

**ANSWER:  Ferris denies the allegations in this paragraph.**

78.     The statements of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf were egregious, willful, and intentional. As such, Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf acted with actual malice and with the intent to cause damage and injury to Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

79.     As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

## COUNT III

80.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:  Ferris hereby incorporates by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 79, inclusive, of Plaintiff's Complaint.**

81.     Ms. Danis is an individual in a protected class by way of her disability and handicap.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

82.     When Ms. Danis resided at the complex, she was Defendants' tenant.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

83.     Ms. Danis made reasonable accommodation requests that were necessary to afford Ms. Danis full enjoyment of the premises.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

84.     By completing the accommodation request packet, it was established that Ms. Danis had a disability as defined by the Indiana Fair Housing Act and that Ms. Danis was making reasonable accommodation requests that would afford Ms. Danis to use and enjoy the property by alleviating symptoms of her disability.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

85.    Accordingly, Defendants were required by the Fair Housing Act to grant Ms. Danis' reasonable accommodation requests.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

86.    However, Defendants instead delayed and never granted Ms. Danis' reasonable accommodation requests.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

87.    The accommodations proposed would not have imposed undue financial or administrative burdens on the Defendants and did not require a fundamental alteration in the nature of their programs.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

88.    Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf have violated Ms. Danis' rights under I.C. § 22-9.5-5-5(c) by denying Ms. Danis' request for reasonable accommodation.

**ANSWER:  Ferris denies the allegations in this paragraph.**

89.    As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis

**ANSWER:  Ferris denies the allegations in this paragraph.**

<u>COUNT IV</u>

90.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:  Ferris hereby incorporates by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 89, inclusive, of Plaintiff's Complaint.**

91.     Ms. Danis is a qualified individual with a disability as defined by the Americans with Disabilities Acts, 42 U.S.C. 12101 et seq.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

92.     The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, failed to make reasonable accommodations for Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

93.     The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, discriminated against Ms. Danis on the basis of her disability.

**ANSWER:  Ferris denies the allegations in this paragraph.**

94.     The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, acted to terminate Ms. Danis' residency at the complex in violation of the Americans with Disabilities Act.

**ANSWER:  Ferris denies the allegations in this paragraph.**

95.     As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it

has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

<u>COUNT V</u>

96.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:  Ferris hereby incorporates by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 95, inclusive, of Plaintiff's Complaint.**

97.    Ms. Danis is an otherwise qualified individual with a disability as defined by the Rehabilitation Act of 1973, 29 U.S.C. 701, et seq.

**ANSWER:  Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

98.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, failed to make reasonable accommodations for Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

99.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, discriminated against Ms. Danis on the basis of her disability.

**ANSWER:  Ferris denies the allegations in this paragraph.**

100.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, acted to terminate Ms. Danis' residency at the complex in violation of the Rehabilitation Act.

**ANSWER:  Ferris denies the allegations in this paragraph.**

101.    As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

<u>COUNT VI</u>

102.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:  Ferris hereby incorporates by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 101, inclusive, of Plaintiff's Complaint.**

103.    The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, were extreme and outrageous.

**ANSWER:  Ferris denies the allegations in this paragraph.**

104.    The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, intentionally or recklessly caused Ms. Danis to experience severe emotional distress.

**ANSWER:  Ferris denies the allegations in this paragraph.**

105.    As such, Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, intentionally inflicted extreme emotional distress of Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

106.    As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their

agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER: Ferris denies the allegations in this paragraph.**

<u>COUNT VII</u>

107.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER: Ferris hereby incorporates by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 106, inclusive, of Plaintiff's Complaint.**

108.    Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, owed Ms. Danis a duty as a tenant of the complex.

**ANSWER: Ferris lacks information and knowledge sufficient to either admit or deny the material allegations in this paragraph, and so denies same.**

109.    The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, breached the duty that was owed to Ms. Danis.

**ANSWER: Ferris denies the allegations in this paragraph.**

110.    The breach of duty by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis

**ANSWER: Ferris denies the allegations in this paragraph.**

111.    Ms. Danis suffered damages proximately caused by and/or resulting from the negligence and/or fault of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

**ANSWER: Ferris denies the allegations in this paragraph.**

112.    By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's negligence, the injuries to Ms. Danis include by are not limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein.

**ANSWER:  Ferris denies the allegations in this paragraph.**

<u>COUNT VIII</u>

113.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:  Ferris hereby incorporates by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 112, inclusive, of Plaintiff's Complaint.**

114.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf intentionally caused a harmful or offensive contact with Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

115.    These actions by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

116.    Ms. Danis suffered damages proximately caused by and/or resulting from the actions of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

**ANSWER:  Ferris denies the allegations in this paragraph.**

117.    By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's negligence, the injuries to Ms. Danis include by are not

limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein.

**ANSWER:  Ferris denies the allegations in this paragraph.**

<u>COUNT IX</u>

118.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:  Ferris hereby incorporates by reference, as if fully restated herein, its responses to rhetorical paragraphs 1 through 117, inclusive, of Plaintiff's Complaint.**

119.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf intentionally caused an imminent apprehension of a harmful or offensive contact with Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

120.    These actions by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis.

**ANSWER:  Ferris denies the allegations in this paragraph.**

121.    Ms. Danis suffered damages proximately caused by and/or resulting from the actions of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

**ANSWER:  Ferris denies the allegations in this paragraph.**

122.    By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's negligence, the injuries to Ms. Danis include by are not limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein.

**ANSWER:  Ferris denies the allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

Comes now Ferris, and for its Affirmative Defenses to the Plaintiff's Complaint, states:

1.      The Complaint fails to state a claim upon which relief can be based.

2.      The Plaintiff's claimed injuries may have resulted from her own fault or the fault of other defendants.  The Ferris Defendants assert their rights to seek judgment in its favor, or proportional reduction of the judgment under the Indiana Comparative Fault Act.

3.      The sole and proximate cause of the Plaintiff's alleged injuries were the acts and omissions of persons or entities other than the Ferris Defendants over whom the Ferris Defendants had no control and for whom it bears no responsibility.  Such other persons and entities include all other defendants presently listed in the Complaint as well as other unidentified individuals whose identities are not presently known.  Any Co-Defendant who is dismissed from this action is an entity or non-party who caused or contributed to Plaintiff's alleged injury and damages.

4.      The Plaintiff may have failed to exercise due care for her own safety.

5.      The Plaintiff may have failed to mitigate her damages.

6.      The Plaintiff may have incurred the risk of loss by her actions and thus her claim is barred.

7.      The Plaintiff may have assumed the risk of loss by her actions and thus her claims are barred.

8.      The Plaintiff may have received or may in the future receive compensation, payments, and/or other types of contribution for her alleged injuries and damages. Any award of damages assessed against this Defendant should be diminished or reduced by the amount of

compensation received or to be received by the Plaintiff from other sources.

9.    The Ferris Defendants did not owe any duty to the Plaintiff as relates to the claims presented in the Complaint.

10.    The Ferris Defendants lacked any knowledge as to any known danger as alleged by the Plaintiff in her Complaint.

11.    The Ferris Defendants lacked any knowledge as to any disability of the Plaintiff or request for accommodation as alleged by the Plaintiff in her Complaint.

12.    Pursuant to Ind. R. Tr. P. 10(C), the Ferris Defendants adopt by reference any affirmative defenses that have been or will be asserted by the other defendants in their answers to the Complaint.

13.    Plaintiff's claims may be reduced pursuant to *Stanley v. Walker*, 906 N.E.2nd 852 (Ind. 2009) and/or *Patchett v. Lee*, 60 N.E.3d 1025 (Ind. 1016).

The Ferris Defendants reserve the right to assert additional affirmative defenses.

WHEREFORE the Ferris Defendants respectfully pray that the Plaintiff take nothing by way of her Complaint and for all other just and appropriate relief in the premises.

## **JURY DEMAND**

Ferris, by counsel, now demands trial by jury.

Respectfully Submitted,

KOPKA PINKUS DOLIN PC


By:    */s/ James H. Milstone*
        James H. Milstone (#10460-02)
        Attorney for Ferris Street Properties, LLC

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 7th day of March, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Katherine A. Piscione
Benjamin A. Spandau
Waldron Tate Bowen Funk Spandau LLC
156 E. Market St., 5th Floor
Indianapolis, IN  46204

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN  46268

Janelle P. Kilies
Anthony Simonton, Jr.
Lewis Wagner LLP
1411 Roosevelt Ave., Suite 102
Indianapolis, IN 46201


                                        */s/ James H. Milstone*


KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN  46032
Tel:     (317) 818-1360
Fax:     (317) 818-1390
Email: JHMilstone@kopkalaw.com

| STATE OF INDIANA | ) | HAMILTON COUNTY SUPERIOR COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF HAMILTON | ) | CAUSE NO:  29D03-2112-CT-009367 |

MICHELLE DANIS,          )
               )
     Plaintiff,      )
               )
   v.          )
               )
FERRIS STREET PARTNERS, LLC d/b/a )
32 UNION APARTMENTS, 32 UNION, LLC, )
32 UNION TWG, LLC, TWG DEVELOPMENT, LLC, )
TWG MANAGEMENT NC, LLC, TWG )
MANAGEMENT, INC, TWG MANAGEMENT, LLC, )
BROOKSIDE PROPERTIES, INC., JOSLYN )
O'CONNOR, JEANNIE MASON, and HANNA ODEN, )
               )
     Defendants.    )

## <u>APPEARANCE BY ATTORNEY IN CIVIL CASE</u>

1.  The party on whose behalf this form is being filed is:
Initiating_____   Responding___X___   Intervening_____; and

the undersigned attorneys listed on this form now appear in this case for the following parties:

Name of Party:_____**HANNA ODEN**_____

Address of party (*see Question #6 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order*).

_____
_____
Telephone # of party _____
(*List on a continuation page additional parties this attorney represents in this case*).

2.  Attorney information for service as required by Trial Rule 5(B)(2)

Lori A. Coates      Attorney No.:  25927-49
DUFFIN, HASH & COATES, LLP  Phone:  317-580-9348
4640 West 71st Street     Fax:  317-224-2345
Indianapolis, IN 46268    lcoates@duffinandhash.com
 (*List on continuation page additional attorneys appearing for above party*).

**IMPORTANT**:       Each attorney specified on this Appearance:

(a)       certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)       **acknowledges that all orders, opinions, and notices from the Court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)       understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov

3.       This is a _____ case type as defined in Administrative Rule 8(B)(3).

4.       I will accept service from other parties by:

FAX at the above noted number.       NO
Email at the above noted email:       YES

5.       This case involves child support issues.       **NO**       (*If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**.  Use Form TCM-TR3.1-4*).

6.       This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order.       **NO**       (*If yes, the initiating party must provide an address for the purpose of legal service, but that address should not be one that exposes the whereabouts of a petitioner*.)  The party shall use the following address for purposes of legal service:

_____       Attorney's address

_____       The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is confidential@atg.state.in.us).

_____       Another address (provide)

_____

7.       This case involves a petition for involuntary commitment.       **NO**

8.       If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

a.  Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

b.  State of Residence of person subject to petition: _____

c.  At least one of the following pieces of identifying information:
(i)  Date of birth _____
(ii)  Driver's License Number _____
State where issued _____ Expiration date _____
(iii)  State ID number _____
State where issued _____ Expiration date _____
(iv)  FBI number _____
(v)  Indiana Department of Corrections Number _____
(vi)  Social Security Number is available and is being provided in an attached confidential document Yes _____ No _____

9.  There are related cases:  **NO**  (*If yes, list on continuation page*)

10.  Additional information required by local rule:

_____

11.  There are other party members:  **NO**  (*If yes, list on continuation page*)

12.  This form has been served on all parties.  Certificate of Service is attached. **YES**

DUFFIN, HASH & COATES, LLP

_____ /s/ *Lori A. Coates* _____
Lori A. Coates (25927-49)

DUFFIN, HASH & COATES, LLP
4640 W. 71st Street
Indianapolis, IN 46268
(317) 580-9348
Attorney for Defendants, TWG Development LLC, TWG Management NC, LLC, TWG Management, Inc., TWG Management, LLC, and Hanna Oden

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via E-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this date March 8, 2022:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWMAN FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN  46204

James H. Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd., Ste. 310
Carmel, IN  46032

Janelle P. Kilies
Anthony Simonton, Jr.
LEWIS WAGNER, LLP
1411 Roosevelt Ave., Ste 102
Indianapolis, IN  46201

Brookside Properties, Inc.
2002 Richard Jones Road, #200
Nashville, TN 37215

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 46240

Jeannie Mason
6426 Bayside Ct.
Indianapolis, IN 46250

/s/ *Lori A. Coates*
Lori A. Coates

STATE OF INDIANA    )        HAMILTON COUNTY SUPERIOR COURT
                  ) SS:
COUNTY OF HAMILTON  )        CAUSE NO: 29D03-2112-CT-009367

| | |
|---|---|
| MICHELLE DANIS | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, TWG DEVELOPMENT, | ) |
| LLC, TWG MANAGEMENT NC, LLC, TWG | ) |
| MANAGEMNET, INC, TWG MANAGEMENT, | ) |
| LLC, BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, JEANNIE MASON, and | ) |
| HANNA ODEN | ) |
|    Defendants. | ) |

## APPEARANCE

1.    The attorney listed on this form now appears, in this case for the following party members:  Brookside Properties, Inc.

2.    Applicable attorney information for service and for case information is as follows:

Name:     Jennifer J. McCoy          Attorney Number:  27245-49

Address:   707 Main St #126          Phone:  615-500-8577

          Nashville, TN 37206

          FAX: 931-909-0005

          Email Address: Jennifer@jennifermccoylaw.com

3.    There are other party members:  No.

4.    I will accept service by FAX at the above noted number:  No.

5.    This case involves support issues:  No.

6.    There are related cases:  No.

7.    This form has been served on all other parties and Certificate of Service is attached:  Yes.


Respectfully submitted this the 4th day of March, 2022.


Jennifer J. McCoy (#27245-49)
The Law Office of Jennifer McCoy
707 Main St, #126
Nashville, TN 37206
615-500-8577

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via E-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this the 4th day of March, 2022.

Katherine A. Piscione
Benjamin A. Spandau
156 E. Market Street, 5th Floor
Indianapolis, IN 46204

James H. Milstone
550 Congressional Blvd, Ste 310
Carmel, IN 46032

32 Union, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

32 Union TWG, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

Joslyn O'Connor
2509 Solana Place, Unit 104

Indianapolis, IN 462040

Jeannie Mason
6426 Bayside Ct
Indianapolis, IN 46250

Hanna Oden
17380 Fleming St, Apt 204
Noblesville, IN 46060

Jennifer McCoy (27245-49)

STATE OF INDIANA       )          HAMILTON COUNTY SUPERIOR COURT
                    ) SS:
COUNTY OF HAMILTON )          CAUSE NO: 29D03-2112-CT-009367

MICHELLE DANIS                  )
   Plaintiff,                    )
                           )
vs.                          )
                           )
FERRIS STREET PARTNERS, LLC d/b/a  )
32 UNION APARTMENTS, 32 UNION, LLC,  )
32 UNION TWG, LLC, TWG DEVELOPMENT, )
LLC, TWG MANAGEMENT NC, LLC, TWG  )
MANAGEMNET, INC, TWG MANAGEMENT,  )
LLC, BROOKSIDE PROPERTIES, INC.,    )
JOSLYN O'CONNOR, JEANNIE MASON, and )
HANNA ODEN                 )
   Defendants.                   )

---

## ANSWER TO COMPLAINT FOR DAMAGES

---

**COMES NOW** Defendant, Brookside Properties, Inc., ("Brookside") by and through counsel, and for its Answer to the Complaint filed in this Honorable Court on December 28, 2021 by Michelle Danis states as follows:

<u>JURSIDICTION AND VENUE</u>

1. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 1 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

2. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 2 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

<u>THE PARTIES</u>

3. Admitted.

1

4.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of the current ownership of the Complex and strict proof is demanded thereof. Defendant admits that it is the current operator of the Complex.

5.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 5 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

6.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 6 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

7.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 7 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

8.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 8 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

9.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 9 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

10. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 10 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

<u>FACTUAL ALLEGATIONS</u>

11. Defendant is without sufficient knowledge to form a belief as to the truth of the material

allegations of paragraph 11 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 12 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 13 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 14 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 15 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 16 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 17 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

18. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 18 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

19. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 19 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

20. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 20 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

21. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 21 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 22 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 23 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 24 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

25. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 25 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 26 of Plaintiff's Complaint for Damages and strict proof is

demanded thereof.

27. Admitted.

28. Denied.

29. In response to Paragraph 29 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

30. In response to Paragraph 30 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

31. In response to Paragraph 31 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

32. In response to Paragraph 32 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

33. In response to Paragraph 33 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

34. In response to Paragraph 34 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

35. In response to Paragraph 35 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

36. In response to Paragraph 36 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

37. In response to Paragraph 37 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

38. In response to Paragraph 38 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

39. In response to Paragraph 39 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

40. In response to Paragraph 40 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

41. In response to Paragraph 41 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

42. In response to Paragraph 42 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

43. In response to Paragraph 43 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

44. In response to Paragraph 44 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

45. In response to Paragraph 45 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

46. In response to Paragraph 46 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

47. In response to Paragraph 47 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

48. In response to Paragraph 48 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

49. In response to Paragraph 49 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

50. In response to Paragraph 50 of the Complaint, all of these allegations are denied as to

Brookside as written and strict proof is required thereof.

51. Admitted.

52. In response to Paragraph 52 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

53. In response to Paragraph 53 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

54. In response to Paragraph 54 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

55. In response to Paragraph 55 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

56. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 56 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

57. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 57 of Plaintiff's Complaint for Damages and strict proof is demanded thereof.

58. In response to Paragraph 58 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

59. In response to Paragraph 59 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

60. In response to Paragraph 60 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

61. In response to Paragraph 61 of the Complaint, all of these allegations are denied as to

Brookside as written and strict proof is required thereof.

62. In response to Paragraph 62 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

63. In response to Paragraph 63 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

64. In response to Paragraph 64 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

65. In response to Paragraph 65 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

66. In response to Paragraph 66 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

67. In response to Paragraph 67 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

68. In response to Paragraph 68 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

69. In response to Paragraph 69 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

<u>COUNT 1</u>

70. Paragraph 70 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

71. In response to Paragraph 71 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

72. In response to Paragraph 72 of the Complaint, all of these allegations are denied as to

Brookside as written and strict proof is required thereof.

73. In response to Paragraph 73 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

74. In response to Paragraph 74 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

75. In response to Paragraph 75 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

<u>COUNT 2</u>

76. Paragraph 76 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

77. In response to Paragraph 77 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

78. In response to Paragraph 78 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

79. In response to Paragraph 79 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

<u>COUNT 3</u>

80. Paragraph 80 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

81. In response to Paragraph 81 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

82. In response to Paragraph 82 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

83. In response to Paragraph 83 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

84. In response to Paragraph 84 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

85. In response to Paragraph 85 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

86. In response to Paragraph 86 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

87. In response to Paragraph 87 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

88. In response to Paragraph 88 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

89. In response to Paragraph 89 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

<u>COUNT 4</u>

90. Paragraph 90 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

91. In response to Paragraph 91 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

92. In response to Paragraph 92 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

93. In response to Paragraph 93 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

94. In response to Paragraph 94 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

95. In response to Paragraph 95 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

COUNT 5

96. Paragraph 96 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

97. In response to Paragraph 97 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

98. In response to Paragraph 98 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

99. In response to Paragraph 98 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

100.    In response to Paragraph 100 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

101.    In response to Paragraph 101 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

COUNT 6

102.    Paragraph 102 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

103.    In response to Paragraph 103 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

104.    In response to Paragraph 104 of the Complaint, all of these allegations are denied

as to Brookside as written and strict proof is required thereof.

105.     In response to Paragraph 105 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

106.     In response to Paragraph 106 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

<u>COUNT 7</u>

107.     Paragraph 107 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

108.     In response to Paragraph 108 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

109.     In response to Paragraph 109 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

110.     In response to Paragraph 110 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

111.     In response to Paragraph 111 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

112.     In response to Paragraph 112 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

<u>COUNT 8</u>

113.     Paragraph 113 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

114.     In response to Paragraph 114 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

115.     In response to Paragraph 115 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

116.     In response to Paragraph 116 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

117.     In response to Paragraph 117 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

COUNT 9

118.     Paragraph 118 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

119.     In response to Paragraph 119 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

120.     In response to Paragraph 120 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

121.     In response to Paragraph 121 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

122.     In response to Paragraph 122 of the Complaint, all of these allegations are denied as to Brookside as written and strict proof is required thereof.

## I.     AFFIRMATIVE DEFENSES

1. As further answer and affirmative defense, Defendant avers that the Complaint, in its various theories and as a whole, fails to state a claim against them for which relief can be granted under Indiana law.

2. Defendant denies any liability to the Plaintiff under any and all theories asserted for damages as well as for other such and further relief sought by the Complaint herein, and strict

proof thereof is demanded.

3. The Plaintiff has failed to join indispensable parties as defendants and consequently, the complaint must be dismissed for lack of jurisdiction of the court over parties essential to the court rendering a valid and enforceable judgment on the claims asserted.

4. Defendant asserts the affirmative defense of waiver regarding any and all claims made against them by Plaintiff.

5. Defendant asserts the affirmative defense of laches regarding any and all claims made against them by Plaintiff.

6. As further answer and affirmative defense, Defendant relies upon and asserts the affirmative defenses afforded to them under any and all applicable statute of limitation and/or of repose, averring specifically that the claims of damages to any of the Plaintiff's claims are time-barred and any evidence related thereto inadmissible as irrelevant.

7. Defendant reserves its right to amend this Answer and plead their defenses more specifically at the conclusion of the investigation and discovery proceedings.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant, Brookside, by and through their attorney and having fully answered and asserted their affirmative defenses to this cause of action, respectfully requests the above-styled cause of action be dismissed with prejudice, with costs adjudicated to the Plaintiff.

Respectfully submitted this the 4th day of March, 2022.

Jennifer J. McCoy (#27245-49)
The Law Office of Jennifer McCoy
707 Main St #126
Nashville, TN 37206
615-500-8577

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via E-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this the 4th day of March, 2022.

Katherine A. Piscione
Benjamin A. Spandau
156 E. Market Street, 5th Floor
Indianapolis, IN 46204

James H. Milstone
550 Congressional Blvd, Ste 310
Carmel, IN 46032

32 Union, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

32 Union TWG, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 462040

Jeannie Mason
6426 Bayside Ct
Indianapolis, IN 46250

Hanna Oden
17380 Fleming St, Apt 204
Noblesville, IN 46060

Jennifer McCoy (27245-49)

FILED
March 9, 2022
CLERK OF THE HAMILTON
CIRCUIT COURT

IN THE HAMILTON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| MICHELLE DANIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:   29D03-2112-CT-009367 |
| v. | ) | |
| | ) | |
| FERRIS STREET PARTNERS, LLC d/b/a | ) | |
| 32 UNION APARTMENTS, 32 UNION, | ) | |
| LLC, 32 UNION TWG, LLC, TWG | ) | |
| DEVELOPMENT LLC, TWG | ) | |
| MANAGEMENT NC, LLC, TWG | ) | |
| MANAGEMENT, INC. TWG | ) | |
| MANAGEMENT, LLC, BROOKSIDE | ) | |
| PROPERTIES, INC., JOSLYN | ) | |
| O'CONNOR, JEANNIE MASON, and | ) | |
| HANNA ODEN, | ) | |
| Defendants. | ) | |

**ORDER**

Defendant, 32 Union TWG, LLC, having filed its Unopposed Motion for Enlargement of

Time and the Court, being duly advised, now GRANTS said Motion.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant, 32

Union, LLC, is granted a period of time up to and including March 27, 2022, during which to

answer or otherwise respond to Plaintiff's Complaint for Damages.

Dated:_____3/9/2022_____            _____
                                                                        Magistrate
                                       JUDGE, HAMILTON COUNTY SUPERIOR
                                       COURT 3

**Distribution:**

All Counsel of Record

IN THE HAMILTON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | | |
|---|---|---|
| MICHELLE DANIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.:  29D03-2112-CT-009367 |
| v. | ) | |
| | ) | |
| FERRIS STREET PARTNERS, LLC d/b/a | ) | |
| 32 UNION APARTMENTS, 32 UNION, | ) | |
| LLC, 32 UNION TWG, LLC, TWG | ) | |
| DEVELOPMENT LLC, TWG | ) | |
| MANAGEMENT NC, LLC, TWG | ) | |
| MANAGEMENT, INC. TWG | ) | |
| MANAGEMENT, LLC, BROOKSIDE | ) | **FILED** |
| PROPERTIES, INC., JOSLYN | ) | March 9, 2022 |
| O'CONNOR, JEANNIE MASON, and | ) | CLERK OF THE HAMILTON |
| HANNA ODEN, | ) | CIRCUIT COURT |
| Defendants. | ) | |

**ORDER**

Defendant, 32 Union, LLC, having filed its Unopposed Motion for Enlargement of Time and the Court, being duly advised, now GRANTS said Motion.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Defendant, 32 Union, LLC, is granted a period of time up to and including March 27, 2022, during which to answer or otherwise respond to Plaintiff's Complaint for Damages.

Dated:_____3/9/2022_____        _____Magistrate_____
                                    JUDGE, HAMILTON COUNTY SUPERIOR
                                    COURT 3

**Distribution:**

All Counsel of Record

STATE OF INDIANA )   HAMILTON COUNTY SUPERIOR COURT
        ) SS:
COUNTY OF HAMILTON )   CAUSE NO: 29D03-2112-CT-009367

| | |
|---|---|
| MICHELLE DANIS | ) |
|  Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, TWG DEVELOPMENT, | ) |
| LLC, TWG MANAGEMENT NC, LLC, TWG | ) |
| MANAGEMNET, INC, TWG MANAGEMENT, | ) |
| LLC, BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, JEANNIE MASON, and | ) |
| HANNA ODEN | ) |
|  Defendants. | ) |

---

## ANSWER TO COMPLAINT FOR DAMAGES

  **COMES NOW** Defendant, Hanna Oden, ("Oden") by and through counsel, and for its Answer to the Complaint filed in this Honorable Court on December 28, 2021 by Michelle Danis states as follows:

### JURSIDICTION AND VENUE

1. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 1 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

2. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 2 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

### THE PARTIES

3. Admitted.

4. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of the current ownership of the Complex and strict proof is demanded thereof. Defendant admits that it is the current operator of the Complex.

5. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 5 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

6. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 6 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

7. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 7 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

8. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 8 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

9. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 9 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

10. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 10 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

<u>FACTUAL ALLEGATIONS</u>

11. Defendant is without sufficient knowledge to form a belief as to the truth of the material

2

allegations of paragraph 11 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 12 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 13 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 14 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 15 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 16 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 17 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

18. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 18 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

19. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 19 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

20. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 20 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

21. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 21 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 22 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 23 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 24 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

25. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 25 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 26 of Plaintiffs Complaint for Damages and strict proof is

demanded thereof.

27. Admitted.

28. Denied.

29. In response to Paragraph 29 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

30. In response to Paragraph 30 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

31. In response to Paragraph 31 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

32. In response to Paragraph 32 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

33. In response to Paragraph 33 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

34. In response to Paragraph 34 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

35. In response to Paragraph 35 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

36. In response to Paragraph 36 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

37. In response to Paragraph 37 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

38. In response to Paragraph 38 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

39. In response to Paragraph 39 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

40. In response to Paragraph 40 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

41. In response to Paragraph 41 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

42. In response to Paragraph 42 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

43. In response to Paragraph 43 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

44. In response to Paragraph 44 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

45. In response to Paragraph 45 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

46. In response to Paragraph 46 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

47. In response to Paragraph 47 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

48. In response to Paragraph 48 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

49. In response to Paragraph 49 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

50. In response to Paragraph 50 of the Complaint, all of these allegations are denied as to

Oden as written and strict proof is required thereof.

51. Admitted.

52. In response to Paragraph 52 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

53. In response to Paragraph 53 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

54. In response to Paragraph 54 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

55. In response to Paragraph 55 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

56. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 56 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

57. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 57 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

58. In response to Paragraph 58 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

59. In response to Paragraph 59 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

60. In response to Paragraph 60 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

61. In response to Paragraph 61 of the Complaint, all of these allegations are denied as to

Oden as written and strict proof is required thereof.

62. In response to Paragraph 62 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

63. In response to Paragraph 63 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

64. In response to Paragraph 64 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

65. In response to Paragraph 65 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

66. In response to Paragraph 66 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

67. In response to Paragraph 67 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

68. In response to Paragraph 68 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

69. In response to Paragraph 69 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT I</u>

70. Paragraph 70 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

71. In response to Paragraph 71 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

72. In response to Paragraph 72 of the Complaint, all of these allegations are denied as to

Oden as written and strict proof is required thereof.

73. In response to Paragraph 73 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

74. In response to Paragraph 74 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

75. In response to Paragraph 75 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

## COUNT 2

76. Paragraph 76 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

77. In response to Paragraph 77 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

78. In response to Paragraph 78 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

79. In response to Paragraph 79 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

## COUNT 3

80. Paragraph 80 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

81. In response to Paragraph 81 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

82. In response to Paragraph 82 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

83. In response to Paragraph 83 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

84. In response to Paragraph 84 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

85. In response to Paragraph 85 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

86. In response to Paragraph 86 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

87. In response to Paragraph 87 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

88. In response to Paragraph 88 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

89. In response to Paragraph 89 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT4</u>

90. Paragraph 90 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

91. In response to Paragraph 91 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

92. In response to Paragraph 92 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

93. In response to Paragraph 93 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

94. In response to Paragraph 94 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

95. In response to Paragraph 95 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT 5</u>

96. Paragraph 96 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

97. In response to Paragraph 97 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

98. In response to Paragraph 98 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

99. In response to Paragraph 98 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

100.      In response to Paragraph 100 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

101.      In response to Paragraph 101 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT 6</u>

102.      Paragraph 102 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

103.      In response to Paragraph 103 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

104.      In response to Paragraph 104 of the Complaint, all of these allegations are denied

as to Oden as written and strict proof is required thereof.

105.        In response to Paragraph 105 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

106.        In response to Paragraph 106 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT  7</u>

107.        Paragraph 107 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

108.        In response to Paragraph 108 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

109.        In response to Paragraph 109 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

110.        In response to Paragraph 110 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

111.        In response to Paragraph 111 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

112.        In response to Paragraph 112 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT  8</u>

113.        Paragraph 113 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

114.        In response to Paragraph 114 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

115.     In response to Paragraph 115 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

116.     In response to Paragraph 116 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

117.     In response to Paragraph 117 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT 9</u>

118.     Paragraph 118 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

119.     In response to Paragraph 119 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

120.     In response to Paragraph 120 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

121.     In response to Paragraph 121 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

122.     In response to Paragraph 122 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

**I.     AFFIRMATIVE DEFENSES**

1.  As further answer and affirmative defense, Defendant asserts that the Complaint, in its various theories and as a whole, fails to state a claim against them for which relief can be granted under Indiana law.

2.  Defendant denies any liability to the Plaintiff under any and all theories asserted for damages as well as for other such and further relief sought by the Complaint herein, and strict

proof thereof is demanded.

3.  The Plaintiff has failed to join indispensable parties as defendants and consequently, the complaint must be dismissed for lack of jurisdiction of the court over parties essential to the court rendering a valid and enforceable judgment on the claims asserted.

4.  Defendant asserts the affirmative defense of waiver regarding any and all claims made against them by Plaintiff.

5.  Defendant asserts the affirmative defense of laches regarding any and all claims made against them by Plaintiff.

6.  As further answer and affirmative defense, Defendant relies upon and asserts the affirmative defenses afforded to them under any and all applicable statute of limitation and/or of repose, averring specifically that the claims of damages to any of the Plaintiffs claims are time-barred and any evidence related thereto inadmissible as irrelevant.

7.  Defendant reserves its right to amend this Answer and plead their defenses more specifically at the conclusion of the investigation and discovery proceedings.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant, Oden, by and through their attorney and having fully answered and asserted their affirmative defenses to this cause of action, respectfully requests the above-styled cause of action be dismissed with prejudice, with costs adjudicated to the Plaintiff.

Respectfully submitted this the 11th day of March, 2022.

Jennifer J. M Coy (#27245-49)
The Law Office of Jennifer McCoy
707 Main St  #126
Nashville, TN 37206
615-500-8577

14

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via £-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this the 11th day of March, 2022.

Katherine A. Piscione
Benjamin A. Spandau
156 E. Market Street, 5th Floor
Indianapolis, IN 46204

James H. Milstone
550 Congressional Blvd, Ste 310
Carmel, IN 46032

32 Union, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

32 Union TWG, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 462040

Jeannie Mason
6426 Bayside Ct
Indianapolis, IN 46250

Jennifer McCoy (27245-49)

STATE OF INDIANA     )        HAMILTON COUNTY SUPERIOR COURT
                     ) SS:
COUNTY OF HAMILTON  )        CAUSE NO: 29D03-2112-CT-009367

| | |
|---|---|
| MICHELLE DANIS | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, 32 UNION, LLC, | ) |
| 32 UNION TWG, LLC, TWG DEVELOPMENT, | ) |
| LLC, TWG MANAGEMENT NC, LLC, TWG | ) |
| MANAGEMNET, INC, TWG MANAGEMENT, | ) |
| LLC, BROOKSIDE PROPERTIES, INC., | ) |
| JOSLYN O'CONNOR, JEANNIE MASON, and | ) |
| HANNA ODEN | ) |
|     Defendants. | ) |

## APPEARANCE

1.    The attorney listed on this form now appears, in this case for the following party members:  Hanna Oden.

2.    Applicable attorney information for service and for case information is as follows:

| | | | |
|---|---|---|---|
| Name: | Jennifer J. McCoy | Attorney Number:  27245-49 | |
| Address: | 707 Main St #126 | Phone:  615-500-8577 | |
| | Nashville, TN 37206 | | |
| | FAX: 931-909-0005 | | |
| | Email Address: Jennifer@jennifermccoylaw.com | | |

3.    There are other party members:  No.

4.    I will accept service by FAX at the above noted number:  No.

5.    This case involves support issues:  No.

6.    There are related cases:  No.

**7.**    This form has been served on all other parties and Certificate of Service is attached:  Yes.


Respectfully submitted this the 4th day of March, 2022.

Jennifer J. McCoy (#27245-49)
The Law Office of Jennifer McCoy
707 Main St, #126
Nashville, TN 37206
615-500-8577

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via E-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this the 11th day of March, 2022.

Katherine A. Piscione
Benjamin A. Spandau
156 E. Market Street, 5th Floor
Indianapolis, IN 46204

James H. Milstone
550 Congressional Blvd, Ste 310
Carmel, IN 46032

32 Union, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

32 Union TWG, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

Joslyn O'Connor
2509 Solana Place, Unit 104

Indianapolis, IN 462040

Jeannie Mason
6426 Bayside Ct
Indianapolis, IN 46250



Jennifer McCoy (27245-49)

STATE OF INDIANA )            HAMILTON COUNTY SUPERIOR COURT
                 ) SS:
COUNTY OF HAMILTON )          CAUSE NO: 29D03-2112-CT-009367

MICHELLE DANIS                              )
   Plaintiff,                )
                                            )
vs.                                         )
                                            )
FERRIS STREET PARTNERS, LLC d/b/a           )
32 UNION APARTMENTS, 32 UNION, LLC,         )
32 UNION TWG, LLC, TWG DEVELOPMENT,         )
LLC, TWG MANAGEMENT NC, LLC, TWG            )
MANAGEMNET, INC, TWG MANAGEMENT,            )
LLC, BROOKSIDE PROPERTIES, INC.,            )
JOSLYN O'CONNOR, JEANNIE MASON, and         )
HANNA ODEN                                  )
   Defendants.                )

## ANSWER TO COMPLAINT FOR DAMAGES

**COMES NOW** Defendant, Hanna Oden, ("Oden") by and through counsel, and for its Answer to the Complaint filed in this Honorable Court on December 28, 2021 by Michelle Danis states as follows:

### JURSIDICTION AND VENUE

1. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 1 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

2. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 2 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

### THE PARTIES

3. Admitted.

4.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of the current ownership of the Complex and strict proof is demanded thereof. Defendant admits that it is the current operator of the Complex.

5.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 5 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

6.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 6 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

7.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 7 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

8.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 8 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

9.  Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 9 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

10. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 10 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

<u>FACTUAL ALLEGATIONS</u>

11. Defendant is without sufficient knowledge to form a belief as to the truth of the material

allegations of paragraph 11 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

12. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 12 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

13. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 13 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

14. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 14 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

15. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 15 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

16. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 16 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

17. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 17 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

18. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 18 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

19. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 19 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

20. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 20 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

21. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 21 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

22. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 22 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

23. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 23 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

24. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 24 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

25. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 25 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

26. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 26 of Plaintiffs Complaint for Damages and strict proof is

demanded thereof.

27. Admitted.

28. Denied.

29. In response to Paragraph 29 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

30. In response to Paragraph 30 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

31. In response to Paragraph 31 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

32. In response to Paragraph 32 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

33. In response to Paragraph 33 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

34. In response to Paragraph 34 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

35. In response to Paragraph 35 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

36. In response to Paragraph 36 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

37. In response to Paragraph 37 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

38. In response to Paragraph 38 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

39. In response to Paragraph 39 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

40. In response to Paragraph 40 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

41. In response to Paragraph 41 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

42. In response to Paragraph 42 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

43. In response to Paragraph 43 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

44. In response to Paragraph 44 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

45. In response to Paragraph 45 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

46. In response to Paragraph 46 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

47. In response to Paragraph 47 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

48. In response to Paragraph 48 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

49. In response to Paragraph 49 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

50. In response to Paragraph 50 of the Complaint, all of these allegations are denied as to

Oden as written and strict proof is required thereof.

51. Admitted.

52. In response to Paragraph 52 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

53. In response to Paragraph 53 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

54. In response to Paragraph 54 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

55. In response to Paragraph 55 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

56. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 56 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

57. Defendant is without sufficient knowledge to form a belief as to the truth of the material allegations of paragraph 57 of Plaintiffs Complaint for Damages and strict proof is demanded thereof.

58. In response to Paragraph 58 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

59. In response to Paragraph 59 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

60. In response to Paragraph 60 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

61. In response to Paragraph 61 of the Complaint, all of these allegations are denied as to

Oden as written and strict proof is required thereof.

62. In response to Paragraph 62 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

63. In response to Paragraph 63 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

64. In response to Paragraph 64 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

65. In response to Paragraph 65 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

66. In response to Paragraph 66 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

67. In response to Paragraph 67 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

68. In response to Paragraph 68 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

69. In response to Paragraph 69 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

## <u>COUNT I</u>

70. Paragraph 70 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

71. In response to Paragraph 71 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

72. In response to Paragraph 72 of the Complaint, all of these allegations are denied as to

Oden as written and strict proof is required thereof.

73. In response to Paragraph 73 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

74. In response to Paragraph 74 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

75. In response to Paragraph 75 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

## COUNT 2

76. Paragraph 76 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

77. In response to Paragraph 77 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

78. In response to Paragraph 78 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

79. In response to Paragraph 79 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

## COUNT 3

80. Paragraph 80 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

81. In response to Paragraph 81 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

82. In response to Paragraph 82 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

83. In response to Paragraph 83 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

84. In response to Paragraph 84 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

85. In response to Paragraph 85 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

86. In response to Paragraph 86 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

87. In response to Paragraph 87 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

88. In response to Paragraph 88 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

89. In response to Paragraph 89 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT4</u>

90. Paragraph 90 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

91. In response to Paragraph 91 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

92. In response to Paragraph 92 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

93. In response to Paragraph 93 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

94. In response to Paragraph 94 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

95. In response to Paragraph 95 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT 5</u>

96. Paragraph 96 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

97. In response to Paragraph 97 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

98. In response to Paragraph 98 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

99. In response to Paragraph 98 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

100. In response to Paragraph 100 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

101. In response to Paragraph 101 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT 6</u>

102. Paragraph 102 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

103. In response to Paragraph 103 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

104. In response to Paragraph 104 of the Complaint, all of these allegations are denied

11

as to Oden as written and strict proof is required thereof.

105.     In response to Paragraph 105 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

106.     In response to Paragraph 106 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

## COUNT 7

107.     Paragraph 107 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

108.     In response to Paragraph 108 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

109.     In response to Paragraph 109 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

110.     In response to Paragraph 110 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

111.     In response to Paragraph 111 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

112.     In response to Paragraph 112 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

## COUNT 8

113.     Paragraph 113 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

114.     In response to Paragraph 114 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

115.     In response to Paragraph 115 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

116.     In response to Paragraph 116 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

117.     In response to Paragraph 117 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

<u>COUNT 9</u>

118.     Paragraph 118 of the Complaint does not require a response but to the extent that a response is necessitated all allegations are denied and strict proof is demanded thereof.

119.     In response to Paragraph 119 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

120.     In response to Paragraph 120 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

121.     In response to Paragraph 121 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

122.     In response to Paragraph 122 of the Complaint, all of these allegations are denied as to Oden as written and strict proof is required thereof.

## I.     AFFIRMATIVE DEFENSES

1.  As further answer and affirmative defense, Defendant asserts that the Complaint, in its various theories and as a whole, fails to state a claim against them for which relief can be granted under Indiana law.

2.  Defendant denies any liability to the Plaintiff under any and all theories asserted for damages as well as for other such and further relief sought by the Complaint herein, and strict

proof thereof is demanded.

3.  The Plaintiff has failed to join indispensable parties as defendants and consequently, the complaint must be dismissed for lack of jurisdiction of the court over parties essential to the court rendering a valid and enforceable judgment on the claims asserted.

4.  Defendant asserts the affirmative defense of waiver regarding any and all claims made against them by Plaintiff.

5.  Defendant asserts the affirmative defense of laches regarding any and all claims made against them by Plaintiff.

6.  As further answer and affirmative defense, Defendant relies upon and asserts the affirmative defenses afforded to them under any and all applicable statute of limitation and/or of repose, averring specifically that the claims of damages to any of the Plaintiffs claims are time-barred and any evidence related thereto inadmissible as irrelevant.

7.  Defendant reserves its right to amend this Answer and plead their defenses more specifically at the conclusion of the investigation and discovery proceedings.

**WHEREFORE, PREMISES CONSIDERED,** the Defendant, Oden, by and through their attorney and having fully answered and asserted their affirmative defenses to this cause of action, respectfully requests the above-styled cause of action be dismissed with prejudice, with costs adjudicated to the Plaintiff.

Respectfully submitted this the 11th day of March, 2022.

Jennifer J. M Coy (#27245-49)
The Law Office of Jennifer McCoy
707 Main St  #126
Nashville, TN 37206
615-500-8577

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, pursuant to Rule 86(G) of the Indiana Rules of Trial Procedure, a copy of the foregoing has been served via £-Service through the Indiana E-Filing System or by first class United States mail postage prepaid, or delivered via email communication, this the 11th day of March, 2022.

Katherine A. Piscione
Benjamin A. Spandau
156 E. Market Street, 5th Floor
Indianapolis, IN 46204

James H. Milstone
550 Congressional Blvd, Ste 310
Carmel, IN 46032

32 Union, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

32 Union TWG, LLC
Ct Corporation System-Registered Agent
150 West Market Street, Ste 800
Indianapolis, IN 46204

Joslyn O'Connor
2509 Solana Place, Unit 104
Indianapolis, IN 462040

Jeannie Mason
6426 Bayside Ct
Indianapolis, IN 46250

Jennifer McCoy (27245-49)

IN THE HAMILTON COUNTY SUPERIOR COURT

STATE OF INDIANA

| | |
|---|---|
| MICHELLE DANIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.:  29D03-2112-CT-009367 |
| v. | ) |
| | ) |
| FERRIS STREET PARTNERS, LLC d/b/a | ) |
| 32 UNION APARTMENTS, 32 UNION, | ) |
| LLC, 32 UNION TWG, LLC, TWG | ) |
| DEVELOPMENT LLC, TWG | ) |
| MANAGEMENT NC, LLC, TWG | ) |
| MANAGEMENT, INC. TWG | ) |
| MANAGEMENT, LLC, BROOKSIDE | ) |
| PROPERTIES, INC., JOSLYN | ) |
| O'CONNOR, JEANNIE MASON, and | ) |
| HANNA ODEN, | ) |
| Defendants. | ) |

## 32 UNION DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, 32 Union, LLC and 32 Union TWG, LLC (collectively, the "Defendants"), by

counsel, hereby submit their answers, objections, and affirmative defenses as follows:

### Jurisdiction and Venue

1.      Jurisdiction is conferred on this Court by Ind. Code § 22-9.5-6-12.

**ANSWER: Defendants admit that, under the referenced statute, a finding of
reasonable cause made by the Indiana Civil Rights Commission in response to an
allegation of housing discrimination may be appealed in civil court. Defendants deny
the remaining allegations of Paragraph 1.**

2.      Venue is proper in Hamilton County, as the events giving rise to this claim occurred

in the City of Noblesville, County of Hamilton, in the State of Indiana.

**ANSWER: Defendants admit that venue is proper as presently pled.**

**The Parties**

3.      At all times material hereto, Ms. Danis was a tenant at the apartment complex commonly known as 32 Union Apartments (the "Complex") when she resided at 17492 Friendly Street, Apartment Number 308, Noblesville, IN 46060 (the "Apartment").

>   **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 3 and therefore, deny the same.**

4.      Upon information and belief, Defendant Ferris Street Partners, LLC d/b/a 32 Union Apartments ("Ferris") is the current owner and Defendant Brookside Properties, Inc. ("Brookside") is the current operator of the Complex, which is a multi-unit apartment complex located at 17408 Ferris Street, Noblesville, IN 46060.

>   **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 4 and therefore, deny the same.**

5.      Upon information and belief, Defendant 32 Union, LLC is an Indiana voluntarily dissolved limited liability company that owned and operated the Complex during Ms. Danis' tenancy prior to selling the same to Ferris.

>   **ANSWER: Defendants admit that 32 Union, LLC sold the Complex to Ferris Street Partners, LLC and has since dissolved but deny the remaining allegations of Paragraph 5.**

6.      Upon information and belief, Defendants 32 Union TWG, LLC, TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and/or TWG Management, LLC are Indiana limited liability companies that operated the Complex during Ms. Danis' tenancy prior to Defendant 32 Union, LLC's sale of the same to Ferris. Defendants 32 Union, LLC, 32 Union TWG, LLC, TWG Development, LLC, TWG Management NC, LLC,

TWG Management, Inc., and TWG Management, LLC are hereinafter collectively referred to as "TWG".

> **ANSWER: Defendants admit 32 Union TWG, LLC was an Indiana limited liability company which is presently dissolved but deny the remaining allegations of Paragraph 6 as directed to Defendants.**

7.      Upon information and belief, Brookside is a Tennessee corporation that operated 32 Union Apartments during Ms. Danis' tenancy.

> **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 7 and therefore, deny the same.**

8.      Upon information and belief, Defendant Joslyn O'Connor ("Joslyn") is/was an employee, agent, representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

> **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 8 and therefore, deny the same.**

9.      Upon information and belief, Defendant Jeannie Mason ("Jeanie") is/was an employee, agent, representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

> **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 9 and therefore, deny the same.**

10.     Upon information and belief, Defendant Hanna Oden ("Hanna") is/was an employee, agent, representative, successor, and/or a party acting on the behalf of TWG, Ferris and/or Brookside at the Complex.

> **ANSWER: Defendants are without information sufficient to form a belief as to the remaining allegations of Paragraph 10 and therefore, deny the same.**

**Factual Allegations**

11.     In or around August 2019, Ms. Danis applied for tenancy with the Complex then owned and operated by TWG.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 11 and therefore, deny the same.**

12.     At this time, Ms. Danis verbally informed the Office Manager operating the Complex that she was disabled and had an Assistance Animal, a cat, and would be getting a service dog at a later date. Ms. Danis showed the Office Manager the letter from her medical provider that confirmed she was in need of a service animal.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 12 and therefore, deny the same.**

13.     Ms. Danis was verbally informed that TWG did not need to keep a record of her medical information and that she was approved for her accommodations and that she would not be charged a pet deposit or pet fees.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 13 and therefore, deny the same.**

14.     In or around August 2019, Ms. Danis also requested from TWG that, due to her disabilities, she be provided a specific private parking place in front of the entrance to her door, that the parking space she be provided had sufficient space for a walker or wheelchair, and that the curb be sloped in order to allow access into the building containing her Apartment.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 14 and therefore, deny the same.**

15.     At this time, Ms. Danis completed a lengthy packet with additional information regarding her disability that was delivered to TWG for approval.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 15 and therefore, deny the same.**

16.     In or around August 2019, Ms. Danis was told by TWG that she would be provided with a $500 gift-card and $1000 off her first month's rent as a part of TWG's move-in special.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 16 and therefore, deny the same.**

17.     On or around August 23, 2019, Ms. Danis signed her lease for her Apartment within the Complex with TWG.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 17 and therefore, deny the same.**

18.     In or around August 2019, Ms. Danis' rent bill showed a $25 charge for a pet fee.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 18 and therefore, deny the same.**

19.     In the Fall of 2019, Ms. Danis approached Hanna and informed her that she should not have the pet fee charge as it had been waived due to her disability. Hanna instructed Ms. Danis to pay the pet fee and that once the correction was made in TWG's system, her account would be credited the charges. At this time, Hanna informed Ms. Danis that an individual from TWG's corporate office would contact Ms. Danis regarding her accommodation request.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 19 and therefore, deny the same.**

20.    In or around late Fall 2019, Ms. Danis was contacted by Hanna and instructed to complete an additional accommodation request packet with additional information regarding her disabilities. Ms. Danis completed the packet a second time and returned it to TWG's corporate office.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 20 and therefore, deny the same.**

21.    In or around December 2019, the hallway ceiling in Ms. Danis' Apartment began flooding. Ms. Danis contacted TWG's maintenance department for the Complex, who inspected the ceiling and was unable to determine the cause of the flooding. After completing the inspection, maintenance never returned to repair the ceiling.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 21 and therefore, deny the same.**

22.    Due to the failure to repair the ceiling after the flood damage, mold began growing on the ceiling of Ms. Danis' Apartment.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 22 and therefore, deny the same.**

23.    In or around January 2020, Ms. Danis again contacted TWG's maintenance department to inspect the dryer in her Apartment. Ms. Danis was instructed by TWG to use the dryer in the apartment next to hers until her dryer could be fixed.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 23 and therefore, deny the same.**

24.     Several days later, TWG's maintenance department replaced the dryer in Ms. Danis' Apartment with the dryer from the next-door apartment. However, the new dryer shortly stopped working.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 24 and therefore, deny the same.**

25.     As a result of the inoperable dryer, Ms. Danis was forced to use a nearby laundromat to complete her laundry beginning in January 2020.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 25 and therefore, deny the same.**

26.     Ownership of the Complex was transferred from TWG to Ferris on or about March 31, 2020.

**ANSWER: Defendants admit that ownership of the Complex was transferred on March 26, 2020 but deny the remaining allegations of Paragraph 26.**

27.     Upon information and belief, TWG also transferred control and operations of the Complex to Ferris and Brookside on or about March 31, 2020.

**ANSWER: Defendants admit that 32 Union, LLC sold the Complex to Ferris Street Partners, LLC but deny the remaining allegations of Paragraph 27.**

28.     Upon information and belief, on or about March 31, 2020, Hanna, Joslyn, and Jeannie became employees of Ferris and/or Brookside.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 28 and therefore, deny the same.**

29.     In or around Spring 2020, Ms. Danis contacted her own contractor to determine the cause of her inoperable dryer. The contractor informed Ms. Danis, Ferris and Brookside that the

reason for the inoperable dryer was that no vent system was ever installed for the dryer to vent outside.

> **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 29 and therefore, deny the same.**

30.     In or around July 2020, Ms. Danis contacted Hanna to ask about when Ferris and/or Brookside would fix her dryer that had been inoperable for almost a year. Hanna responded angrily to Ms. Danis' request and began shouting that the inoperable dryer was Ms. Danis' fault and that no one was coming out to fix it.

> **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 30 and therefore, deny the same.**

31.     Ms. Danis was charged pet fees from August 2019 through June 2020.

> **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 31 and therefore, deny the same.**

32.     In or around July 2020, Ms. Danis was informed by Joslyn that Ms. Danis never should have been charged pet fees and that the fees could be deducted from her August rent as that would be easier than mailing a refund check.

> **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 32 and therefore, deny the same.**

33.     On or around August 5, 2020, Ms. Danis paid her rent in full less the utility fees, as Joslyn wanted to investigate to make sure that Ms. Danis had been charged the correct amount due to the implementation of a new billing system.

> **ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 33 and therefore, deny the same.**

34.     At this same time, Joslyn also informed Ms. Danis that the ledger showed a balance due, but that she knew this was an error and not to worry. Joselyn instructed Ms. Danis that no additional rent was due at that time as her August rent had been paid in full.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 34 and therefore, deny the same.**

35.     On or around the end of August 2020, Ms. Danis went to see Joslyn in the leasing office of the Complex because the new lease she was supposed to sign would not open on the computer for her to sign. Joslyn fixed the problem and instructed Ms. Danis to sign the new lease by August 31, 2020 at midnight. At this same time, Ms. Danis was instructed to sign a new form attesting that she had a service animal.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 35 and therefore, deny the same.**

36.     On or around August 31, 2020, Ms. Danis signed her new lease for her Apartment online.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 36 and therefore, deny the same.**

37.     On or around September 5, 2020, Ms. Danis dropped off her rent in the leasing office.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 37 and therefore, deny the same.**

38.     On or around September 9, 2020, Ms. Danis went to the leasing office at the Complex to pick up a copy of her lease. While there, Joslyn and Hanna began angrily shouting at Ms. Danis that she owed Ferris and/or Brookside money and had not signed the new lease.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 38 and therefore, deny the same.**

39.    At this time, Joslyn logged into Ferris and/or Brookside's computer portal and discovered that while Ms. Danis had signed the lease, the leasing office had never accepted the signed copy of the lease.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 39 and therefore, deny the same.**

40.    On or around October 5, 2020, Ms. Danis dropped her rent check off at the leasing office of the Complex. Joslyn followed Ms. Danis out of the leasing office and to her car berating Ms. Danis alleging she owed Ferris and/or Brookside more money.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 40 and therefore, deny the same.**

41.    At this time, Ms. Danis got into her car with her grandchildren and locked the doors. Joslyn tried to forcibly enter the vehicle. Ms. Danis asked Joslyn to step away from her vehicle, but Joslyn continued to shout at Ms. Danis for approximately five (5) to eight (8) more minutes.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 41 and therefore, deny the same.**

42.    In or around October 2020, another flood occurred in Ms. Danis' Apartment that resulted in water pouring from the ceiling into Ms. Danis' Apartment. Ferris and/or Brookside's maintenance department came over to inspect the cause of the flood and cut a hole into the ceiling of the Apartment.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 42 and therefore, deny the same.**

43.    A few days later Ferris and/or Brookside's maintenance department came over to inspect the flood damage in the ceiling of the Apartment.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 43 and therefore, deny the same.**

44.    In order to assess the cause of the flooding, Ferris and/or Brookside's maintenance department needed access to the attic above Ms. Danis' Apartment. Ms. Danis called Hanna to determine where the attic access for the Apartment was located. Once again, Hanna began shouting at Ms. Danis and told her to just cut a hole in the ceiling to get to the attic.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 44 and therefore, deny the same.**

45.    Ferris and/or Brookside's maintenance department cut an inappropriately large hole in the ceiling in order to determine the cause of the flooding.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 45 and therefore, deny the same.**

46.    At this time, it was also discovered that TWG, Ferris, and/or Brookside never installed the vent system in the ceiling required for Ms. Danis' dryer to function despite the fire risk this posed.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 46 and therefore, deny the same.**

47.    Ms. Danis contacted the City of Noblesville Code Enforcement Office and the Fire Chief to inform them of the problem with the dryer vent in her Apartment. Officials came to Ms. Danis' Apartment to investigate, cited and provided a deadline for Ferris and Brookside to comply.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 47 and therefore, deny the same.**

48.      The reinspection of the attic was delayed until early 2021 due to COVID-19. When the inspection team eventually returned, they were unable to gain access to the attic of the Apartment and took the word of the Ferris and/or Brookside's maintenance team that a vent system had been installed.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 48 and therefore, deny the same.**

49.      Upon information and belief, a vent system was not installed.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 49 and therefore, deny the same.**

50.      On or around November 5, 2020 and again December 5, 2020, Ms. Danis paid her rent in full.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 50 and therefore, deny the same.**

51.      In or around December 2020, a sheriff served Ms. Danis with eviction papers with the stated reason being non-payment of rent. The eviction papers stated that Ms. Danis owed thousands of dollars in unpaid rent.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 51 and therefore, deny the same.**

52.      At this time, Ms. Danis realized that her September rent check was posted five (5) days late despite her payment being made on time. Additionally, Ms. Danis realized that her October rent check had never been cashed, even though it had been remitted.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 52 and therefore, deny the same.**

53.      Throughout the period of August to December, Ms. Danis was charged thousands of dollars in late fees and her rent checks were applied only to late fees and not to the rent charges, resulting in more late fees.

**ANSWER: Defendants object to the vague and ambiguous period defined as August to December. To the extent this Paragraph references the period of August 2019 to December 2019, Defendants are without information sufficient to form a belief as to the allegations of Paragraph 53 and therefore, deny the same.**

54.      After the eviction was filed, Ms. Danis' December rent payment was refunded.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 54 and therefore, deny the same.**

55.      On or around January 31, 2021, Ms. Danis' October rent check was cashed and applied to the late fees after several requests from Ms. Danis' counsel.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 55 and therefore, deny the same.**

56.      In or around Spring 2021, Ms. Danis applied for rental assistance with the U.S. Treasury Covid Renter's Assistance Program and was approved for the maximum benefit of $10,968.51. A check for that amount was sent to Ferris and/or Brookside.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 56 and therefore, deny the same.**

57.      The amount paid by the U.S. Treasury should have resulted in a zero balance for Ms. Danis for the month of June, however, Ferris and/or Brookside charged Ms. Danis $1,112.20.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 57 and therefore, deny the same.**

58.    Ms. Danis attempted to discuss the error with Jeannie in the leasing office, however she refused to look at the ledger and told Ms. Danis that she had never paid rent on time since she moved in and that she had refused to pay rent since 2020.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 58 and therefore, deny the same.**

59.    Several days later Ms. Danis returned to the leasing office and attempted to speak to Hanna about the errors on her account. However, Hanna refused to talk to Ms. Danis and instead told her she was poor, didn't have any money, and Ferris and/or Brookside would not be renewing her lease.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 59 and therefore, deny the same.**

60.    In or around July 2021, Ms. Danis paid her rent in full through the online portal.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 60 and therefore, deny the same.**

61.    Approximately one (1) week later, Ms. Danis received a notice on her door for failure to pay rent and notified Ms. Danis she must be out of her Apartment within seventy-two (72) hours.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 61 and therefore, deny the same.**

62.    In or around August 2021, Ms. Danis attempted to pay her rent through her online portal, however Ferris and/or Brookside barred Ms. Danis from making any payments online and removed Ms. Danis' files and records access including records of her payments, lease, and invoices.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 62 and therefore, deny the same.**

63.     Ms. Danis contacted Ferris and/or Brookside and was told that she had been evicted and that only payment in the amount of $3,200 would be accepted. Additionally, Ms. Danis was told that she must be out of her Apartment by August 23, 2021 at the latest and that at this time her locks would be changed, and she would be sent to collections.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 63 and therefore, deny the same.**

64.     On or around August 19, 2021, Ms. Danis received notice that she must be out of her Apartment by August 23, 2021 or the authorities would be contacted, and the locks would be changed.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 64 and therefore, deny the same.**

65.     On or around August 24, 2021, Jeannie forcibly entered Ms. Danis' apartment in order to deliver eviction papers. At that time, Ms. Danis was hit in the chest by the door and sustained injuries as a result.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 65 and therefore, deny the same.**

66.     During this exchange, Jeannie informed Ms. Danis that she was entering the apartment because it no longer belonged to Ms. Danis, that she had been evicted, and that she was dragging her out.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 66 and therefore, deny the same.**

67.     To date, Ms. Danis' accommodation requests were never completed or acknowledged. Ms. Danis was continuously charged improper pet fees totaling an amount of $275.00. Additionally, Ms. Danis has been charged $2,201.50 in illegal late fees.

**ANSWER:** **Denied as to Defendants.**

68.     Additionally, the damage to the ceiling has never been repaired resulting in mold growth and open holes in the ceiling of Ms. Danis' apartment for over a year.

**ANSWER:** **Denied as to Defendants.**

69.     Despite the eviction moratorium that was in place due to the COVID-19 pandemic and without any authority to do so, Ferris and/or Brookside attempted to physically and actually evict Ms. Danis on several occasions.

**ANSWER:** **Defendants are without information sufficient to form a belief as to the allegations of Paragraph 69 and therefore, deny the same.**

### Count 1: Violation of 42 U.S.C. § 3604(f)(1)- Failure to Provide Reasonable Accommodation

70.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:** **Defendants incorporate and re-allege their answers to paragraphs 16 through 69 as if fully set forth herein.**

71.     Ms. Danis requests to Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf constituted requests for reasonable accommodations under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B).

**ANSWER:** **Denied as to Defendants.**

72.    The accommodations requested were reasonable and would have been necessary to afford Ms. Danis equal opportunity to housing at 32 Union Apartments.

**ANSWER: Denied as to Defendants.**

73.    The accommodations proposed would not have imposed an undue financial or administrative burden on the Defendants and did not require a fundamental alteration in the nature of their programs.

**ANSWER: Denied as to Defendants.**

74.    Defendants, individually, and/or through the actions of their agents, have violated Ms. Danis' rights under 42 U.S.C. § 3604(f)(3)(B) by denying Ms. Danis' request for reasonable accommodations.

**ANSWER: Denied as to Defendants.**

75.    As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER: Denied as to Defendants.**

**Count 2: Violation of 42 U.S.C. § 3617**

76.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

> **ANSWER: Defendants incorporate and re-allege their answers to paragraphs 16 through 69 as if fully set forth herein.**

77.    The statements by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf violated 42 U.S.C. § 3617 because they were intended to coerce, intimidate, threaten, or interfere with Ms. Danis in the exercise of enjoyment of Ms. Danis' rights under the Fair Housing Act of 1968, as amended 42 U.S.C. § 3601 et seq.

> **ANSWER: Denied as to Defendants.**

78.    The statements of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf were egregious, willful, and intentional. As such, Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf acted with actual malice and with the intent to cause damage and injury to Ms. Danis.

> **ANSWER: Denied as to Defendants.**

79.    As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

> **ANSWER: Denied as to Defendants.**

**Count 3: Violation of Indiana Fair Housing Act**

80.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER: Defendants incorporate and re-allege their answers to paragraphs 16 through 69 as if fully set forth herein.**

81.    Ms. Danis is an individual in a protected class by way of her disability and handicap.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 81 and therefore, deny the same.**

82.    When Ms. Danis resided at the Complex, she was Defendants' tenant.

**ANSWER: Defendants are without information sufficient to form a belief as to the allegations of Paragraph 82 and therefore, deny the same.**

83.    Ms. Danis made reasonable accommodation requests that were necessary to afford Ms. Danis full enjoyment of the premises.

**ANSWER: Denied as to Defendants.**

84.    By completing the accommodation request packet, it was established that Ms. Danis had a disability as defined by the Indiana Fair Housing Act and that Ms. Danis was making reasonable accommodation requests that would afford Ms. Danis to use and enjoy the property by alleviating symptoms of her disability.

**ANSWER: Paragraph 84 calls for a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny violating federal and state law, including the referenced statutes and regulations, in any way.**

85.     Accordingly, Defendants were required by the Fair Housing Act to grant Ms. Danis' reasonable accommodation requests.

**ANSWER: Paragraph 85 calls for a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny violating federal and state law, including the referenced statutes and regulations, in any way.**

86.     However, Defendants instead delayed and never granted Ms. Danis' reasonable accommodation requests.

**ANSWER: Denied as to Defendants.**

87.     The accommodations proposed would not have imposed undue financial or administrative burdens on the Defendants and did not require a fundamental alteration in the nature of their programs.

**ANSWER: Denied as to Defendants.**

88.     Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf have violated Ms. Danis' rights under I.C. § 22-9.5-5-5(c) by denying Ms. Danis' request for reasonable accommodation.

**ANSWER: Paragraph 88 calls for a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny violating federal and state law, including the referenced statutes and regulations, in any way.**

89.     As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER: Denied as to Defendants.**

**Count 4: Violation of the Americans with Disabilities Act**

90.     Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

> **ANSWER: Defendants incorporate and re-allege their answers to paragraphs 16 through 69 as if fully set forth herein.**

91.     Ms. Danis is a qualified individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.*

> **ANSWER: Paragraph 91 calls for a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 91.**

92.     The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, failed to make reasonable accommodations for Ms. Danis.

> **ANSWER: Denied as to Defendants.**

93.     The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, discriminated against Ms. Danis on the basis of her disability.

> **ANSWER: Denied as to Defendants.**

94.     The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, acted to terminate Ms. Danis' residency at the Complex in violation of the Americans with Disabilities Act.

> **ANSWER: Denied as to Defendants.**

95.     As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf in that it has

worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER: Denied as to Defendants.**

### Count 5: Violation of the Rehabilitation Act of 1973

96.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER: Defendants incorporate and re-allege their answers to paragraphs 16 through 69 as if fully set forth herein.**

97.    Ms. Danis is an otherwise qualified individual with a disability as defined by the Rehabilitation Act of 1973, 29 U.S.C. 701, *et seq*.

**ANSWER: Paragraph 97 calls for a legal conclusion to which no response is required. To the extent a response is deemed to be required, Defendants deny the allegations of Paragraph 97.**

98.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, failed to make reasonable accommodations for Ms. Danis.

**ANSWER: Denied as to Defendants.**

99.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, discriminated against Ms. Danis on the basis of her disability.

**ANSWER: Denied as to Defendants.**

100.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, acted to terminate Ms. Danis' residency at the Complex in violation of the Rehabilitation Act.

**ANSWER: Denied as to Defendants.**

22

101.    As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER: Denied as to Defendants.**

### Count 6: Intentional Infliction of Emotional Distress

102.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER: Defendants incorporate and re-allege their answers to paragraphs 16 through 69 as if fully set forth herein.**

103.    The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, were extreme and outrageous.

**ANSWER: Denied as to Defendants.**

104.    The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, intentionally or recklessly caused Ms. Danis to experience severe emotional distress.

**ANSWER: Denied as to Defendants.**

105.    As such, Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, intentionally inflicted extreme emotional distress of Ms. Danis.

**ANSWER: Denied as to Defendants.**

106.    As a proximate result of those actions, Ms. Danis has been injured and is threatened with irreparable harm in that the stress caused by the actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf has worsened Ms. Danis' disability, caused Ms. Danis to suffer physical and psychological injury, and placed a significant financial burden on Ms. Danis.

**ANSWER:** **Denied as to Defendants.**

### Count 7: Negligence

107.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER:** **Defendants incorporate and re-allege their answers to paragraphs 16 through 69 as if fully set forth herein.**

108.    Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, owed Ms. Danis a duty as a tenant of the Complex.

**ANSWER:** **Defendants admit Plaintiff was owed various duties under the law, which are not adequacy defined here, and therefore deny the allegations of Paragraph 108.**

109.    The actions of Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, breached the duty that was owed to Ms. Danis.

**ANSWER:** **Denied as to Defendants.**

110.    This breach of duty by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis.

**ANSWER:** **Denied as to Defendants.**

111.    Ms. Danis suffered damages proximately caused by and/or resulting from the negligence and/or fault of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

**ANSWER: Denied as to Defendants.**

112.    By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's negligence, the injuries to Ms. Danis include but are not limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein.

**ANSWER: Denied as to Defendants.**

### Count 8: Battery

113.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER: Defendants incorporate and re-allege their answers to paragraphs 16 through 69 as if fully set forth herein.**

114.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf intentionally caused a harmful or offensive contact with Ms. Danis.

**ANSWER: Denied as to Defendants.**

115.    These actions by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis.

**ANSWER: Denied as to Defendants.**

116.    Ms. Danis suffered damages proximately caused by and/or resulting from the actions of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

**ANSWER: Denied as to Defendants.**

117.    By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's actions, the injuries to Ms. Danis include but are not limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein

**ANSWER: Denied as to Defendants.**

### Count 9: Assault

118.    Ms. Danis repeats the allegations of paragraphs 16 through 69 as if fully set forth herein.

**ANSWER: Defendants incorporate and re-allege their answers to paragraphs 16 through 117 as if fully set forth herein.**

119.    The Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf intentionally caused an imminent apprehension of a harmful or offensive contact with Ms. Danis.

**ANSWER: Denied as to Defendants.**

120.    These actions by Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf, proximately caused injury to Ms. Danis.

**ANSWER: Denied as to Defendants.**

121.    Ms. Danis suffered damages proximately caused by and/or resulting from the actions of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf.

**ANSWER: Denied as to Defendants.**

122.    By reason of the Defendants, their agents, employees, representatives, successors, and/or any party acting on their behalf's actions, the injuries to Ms. Danis include but are not limited to medical expenses, mental anguish, pain and suffering, and other potential actual or consequential damages arising from the conduct described herein

**ANSWER: Denied as to Defendants.**

## AFFIRMATIVE DEFENSES

Defendants, 32 Union, LLC and 32 Union TWG, LLC, by counsel, and for its Affirmative Defenses to Plaintiff's Complaint for Damages, states as follows:

1. Plaintiff's own fault proximately caused her injuries and damages, if any, in the following particulars:

a. Plaintiff's negligence proximately caused her injuries and damages, if any;

b. Plaintiff incurred the risk of the injuries and damages, if any; and

c. Plaintiff's conduct constituted an unreasonable failure to avoid damages.

2. Plaintiff's conduct constituted an unreasonable failure to mitigate damages.

3. Plaintiff's claims are barred in view of the fact that Plaintiff's comparative fault is greater than the fault of all persons whose fault may have proximately contributed to the Plaintiff's injuries and damages. In the alternative, to the extent Plaintiff's fault is less than fifty one percent (51%)

of all fault determined by the trier of fact, Plaintiff's recovery, if any, should be reduced pursuant to the Indiana Comparative Fault Act.

4. Certain, as of yet, unidentified individual(s), are or may be, persons who caused or contributed to cause the alleged damages.

5. Plaintiff's injuries and damages, if any, were the result of acts and/or omissions of individuals other than Defendants, including but not limited to Defendants TWG Development, LLC, TWG Management NC, LLC, TWG Management, Inc., and TWG Management, Ferris Street Partners, LLC d/b/a 32 Union Apartments, Brookside Properties, Inc., Joslyn O'Connor, Jeannie Mason, and Hanna Oden.

6. All or a portion of Plaintiff's damages have been paid by collateral sources or other persons or entities.

7. Plaintiff's claims may be reduced pursuant to *Stanley v. Walker*, 906 N.E.2nd 852 (Ind. 2009) and/or *Patchett v. Lee*, 60 N.E.3d 1025.

8. Plaintiff has failed to state a claim upon which relief may be granted.

9. Any Co-Defendant who is dismissed from this action is an entity or non-party who caused or contributed to Plaintiff's alleged injury and damages.

10. Defendants reserve the right to supplement these defenses as this matter develops.

11. Plaintiff's claims are barred due to the applicable statute of limitations.

## DEMAND FOR JURY TRIAL

Defendants, 32 Union, LLC and 32 Union TWG, LLC, hereby demand a jury trial on all claims and issues so triable.

Respectfully Submitted,

*s/ Janelle Kilies*
JANELLE KILIES, #30708-49
ANTHONY SIMONTON, JR. # 35647-29
LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
***Counsel for Defendant 32 Union, LLC and 32 Union TWG, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2022, a copy of the foregoing was served on the following parties electronically by using the Court's IEFS System and U.S. Postal Service, pre-paid delivery for those parties not yet registered:

Katherine A. Piscione
Benjamin A. Spandau
WALDRON TATE BOWEN
FUNK SPANDAU LLC
156 E. Market Street, 5th Floor
Indianapolis, IN 46204
katie@wtbfs-law.com
ben@wtbfs-law.com
**Counsel for Plaintiff**

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN 46268
**Counsel for TWG Defendants and Hanna Oden**

James H. Milstone
KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN 46032
JHMilstone@kopkalaw.com
**Counsel for Defendant Ferris Street Properties, LLC**

Jennifer J. McCoy
The Law Office of Jennifer McCoy
707 Main St. #126
Nashville TN 37206
jennfier@jennifermccoylaw.com
**Counsel for Defendant Brookside Properties, Inc.**

*s/ Janelle Kilies*
JANELLE P. KILIES

LEWIS WAGNER, LLP
Suite 102
1411 Roosevelt Avenue
Indianapolis, IN 46201
Telephone:     317-237-0500
Facsimile:     317-630-2790
jkilies@lewiswagner.com
asimonton@lewiswagner.com

30

Filed: 3/31/2022 11:03 AM
Clerk
Hamilton County, Indiana

99174

STATE OF INDIANA                          HAMILTON SUPERIOR COURT 3

COUNTY OF HAMILTON                        CAUSE NO.: 29D03-2112-CT-009367

MICHELLE DANIS,

      Plaintiff,

v.

FERRIS STREET PROPERTIES, LLC d/b/a
32 UNION APARTMENTS,
32 UNION, LLC,
32 UNION TWG, LLC,
TWG DEVELOPMENT LLC,
TWG MANAGEMENT NC, LLC,
TWG MANAGEMENT, INC.,
TWG MANAGEMENT, LLC,
BROOKSIDE PROPERTIES, INC.,
JOSLYN O'CONNOR,
JEANNIE MASON, and
HANNAH ODEN,

      Defendants.

## **E-FILING APPEARANCE BY ATTORNEY UNDER TRIAL RULE 3.1**

1.     The party on whose behalf this form is being filed is:  Responding

The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

**BROOKSIDE PROPERTIES, INC.**
**JEANNIE MASON**
**JOSLYN O'CONNOR**
**HANNA ODEN**

2.     Attorney information for service as required by Trial Rule 5(B)(2):

James H. Milstone         Atty. No. #10460-02
KOPKA PINKUS DOLIN PC     Telephone: 317-818-1360
550 Congressional Blvd., Suite 310  Facsimile:  317-818-1390
Carmel, IN 46032          Email:  jhmilstone@kopkalaw.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)    certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)    acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and

(c)    understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3.    This is a civil tort case type as defined in administrative Rule 8(B)(3)

4.    I will accept service by:
Fax at the above noted number:  NO
Email at the above noted address:  YES

5.    This case involves child support issues:  NO

6.    This case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order:  NO

7.    This case involves a petition for involuntary commitment:  NO

8.    Are there related cases:  NO

9.    Additional information required by local rule:  NONE

10.    Are there other party members:  NO

11.    This form has been served on all other parties and Certificate of Service is attached:  YES

Respectfully Submitted,

KOPKA PINKUS DOLIN PC

By:    _/s/ James H. Milstone_
        James H. Milstone (#10460-02)
        Attorney for Ferris Street Properties, LLC,
        Brookside Properties, Inc., Jeannie Mason,
        Joslyn O'Connor and Hanna Oden

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of March, 2022, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS). I further certify that the following persons were served on the same date using the IEFS:

Katherine A. Piscione
Benjamin A. Spandau
Waldron Tate Bowen Funk Spandau LLC
156 E. Market St., 5th Floor
Indianapolis, IN  46204

Lori A, Coates
Duffin, Hash & Coates, LLP
4640 W. 71st Street
Indianapolis, IN  46268

Jennifer J. McCoy
The Law Office of Jennifer McCoy
707 Main St., #126
Nashville, TN 37206

Janelle P. Kilies
Anthony Simonton, Jr.
Lewis Wagner LLP
1411 Roosevelt Ave., Suite 102
Indianapolis, IN 46201


*/s/ James H. Milstone*


KOPKA PINKUS DOLIN PC
550 Congressional Blvd.
Suite 310
Carmel, IN  46032
Tel:    (317) 818-1360
Fax:    (317) 818-1390
Email: JHMilstone@kopkalaw.com